CHARLES KITCHEN, as Administrator, etc., of HOWARD KITCHEN, Deceased, Appellant, v. FANNIE LANDY, Respondent.

Second Department, February 19, 1926.

Landlord and tenant — action by tenant to recover for death of infant son — action based on failure of landlord to comply with Tenement House Law, § 102, in that kitchen stove was out of repair — rooms were properly equipped with chimneys and flues — son contracted pneumonia — lack of heat in rooms was contributory cause — Tenement House Law does not apply to stove — plaintiff cannot recover.

A tenant of an apartment house in New York city whose son died from pneumonia cannot recover damages from a landlord on the theory that the landlord failed to comply with section 102 of the Tenement House Law requiring the landlord to keep the house and all parts thereof in good repair, where the alleged fault of the landlord consisted in failing to repair the kitchen stove, since it appears that the rooms were properly equipped with chimneys and flues as required by law; the mere fact that the resistance of the plaintiff's son to the disease was weakened by the fact that there was not sufficient heat in the rooms does not render the defendant liable.

APPEAL by the plaintiff, Charles Kitchen, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 7th day of April, 1925, upon the dismissal of the complaint at the close of plaintiff's case.

*Ralph G. Barclay* [*Louis Rothbard* with him on the brief], for the appellant.

*Frank W. Holmes* [*Louis H. Pink* with him on the brief], for the respondent.

JAYCOX, J. This action was brought to recover damages for the death of the plaintiff's intestate, a boy thirteen years of age. The defendant is the owner of a tenement house, and the plaintiff is a tenant in the house. The deceased was the son of the plaintiff. The claim of the plaintiff is that the defendant was guilty of a violation of section 102 of the Tenement House Law, which reads as follows: " Every tenement house and all the parts thereof shall be kept in good repair, and the roof shall be kept so as not to leak, and all rain water shall be so drained and conveyed therefrom as to prevent its dripping on to the ground or causing dampness in the walls, ceilings, yards or areas."

The claim is that the defendant failed to keep the tenement house in good repair by failing to repair a range in the kitchen.

The jury would have been justified in finding these facts: That the plaintiff rented from the defendant an apartment in this tenement house, consisting of five rooms, kitchen, dining room, two bedrooms and a parlor, and in the kitchen was a range very much out of repair, the grate being broken and some of the lining of the firebox missing. The plaintiff entered into possession March 4, 1922. During the summer, fall and winter numerous complaints were made to the landlady and to the agent in charge of the building, but no repairs to the range were made. In the dining room was a chimney or flue where a stove could have been set up and a fire built. The tenant did not put up a stove, but did have a gas heater in that room. In the parlor was another flue and there the tenant did have a stove, but there is no testimony that any attempt was made to heat the apartment by means of this stove. The gas was used to heat the apartment during the day, but was turned off at night. About the 1st of March, 1923, the son of the plaintiff became ill and his mother says he complained of cold; that she wrapped him up; put him to bed; gave him home remedies, and on the fourth of March the doctor was called. The doctor saw him, recommended that he be sent to the hospital and on the same day he died in the hospital. The doctor testified that the cold in the room was a contributory cause to his death; that his death was caused by pneumonia, which is a germ disease, but the cold lowered his power of resistance so that he became subject to attack. These are all the facts that have a bearing upon the result.

We think the court was right in dismissing the complaint. The section of the law quoted above indicates that it is the house itself that is to be kept in repair. This idea is strengthened by examining the preceding sections, all of which relate to different parts of the house and prescribe the manner in which they shall be kept. The statute is quite detailed as to all of these things and section 78 of said Tenement House Law (as amd. by Laws of 1919, chap. 648; since amd. by Laws of 1923, chap. 796) relates to chimneys and fireplaces. The first sentence of that section reads as follows: " In every tenement house there shall be adequate chimneys running through every floor with an open fireplace or grate, or place for a stove, properly connected with one of said flues or chimneys for every apartment." This house complied with this provision of the statute, and we think that was all the law required in regard to heating. If the Legislature meant to make the law applicable to stoves and ranges, it would have made express provision in that respect. Further than that, as this law is in derogation of the common law, it is to be construed strictly and,

a landlord cannot be held liable for a failure to provide means of heating not expressly provided for by statute.

The judgment should be affirmed, with costs.

Present — KELLY, P. J., RICH, JAYCOX, KAPPER and LAZANSKY, JJ.

Judgment unanimously affirmed, with costs.