BEATRICE BLOCK, Appellant, *v.* BALDAN REALTY CO., INC., Respondent.

Supreme Court, Appellate Term, First Department, June 30, 1927.

**Landlord and tenant — liability of landlord — action by tenant for injuries suffered when handle of faucet broke — landlord not liable under Tenement House Law, § 103.**

The defendant, a landlord of property located in New York city, is not liable, under section 103 of the Tenement House Law, for injuries suffered by the plaintiff when a handle on a faucet in the bathroom of plaintiff's apartment broke and injured her hand.

BIJUR, J., dissents, with opinion.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of Manhattan, Fifth District, entered in favor of the defendant.

*Emanuel S. Cahn,* for the appellant.

*Benjamin C. Loder* [*Albert R. Eberlein* of counsel], for the respondent.

CRAIN, J.  The plaintiff claims that a faucet in the bathroom of an apartment rented by her was cracked; that her landlord knew this; that he did not repair or replace it by another; and that when she grasped it it broke, and breaking it cut her hand; and she complains that her landlord was at fault and should pay. Unable to persuade the experienced trial justice, before whom this case was tried, of the validity of her claim, she appeals to this court. Upon consideration we are of the opinion that the judgment below should be affirmed, with costs.

The complaint does not allege that the building in which plaintiff lived was a tenement house, and, strictly speaking, there is no evidence in the case that it was such a house.  Assuming, however, that the building was a tenement house, the defendant's liability, if any, is dependent upon the applicability of section 103 of the Tenement House Law to the facts as disclosed by the evidence. The section in question is among the "'sanitary" provisions and was enacted in the belief that cleanliness promoted health.  It provides, under the head of " water supply," that every tenement house shall have water furnished in sufficient quantity at one or more places on each floor occupied by or intended to be occupied by one or more families, and that the owner shall provide proper and suitable tanks, pumps or other appliances to receive and to distribute an adequate and sufficient supply of such water at each floor in the said house at all times of the year, during all hours of the day and night, and that a failure in the general supply of water by the city authorities shall not be construed to be a failure on the part of the owner of such a house, provided that proper and suitable appliances to receive and distribute such water shall have been provided in such house.

Plaintiff makes no complaint of lack of water.  To bring the pending case within this section it would have been necessary to prove not merely that the faucet was defective but also that because of such defect an adequate and sufficient supply of water was not received and distributed.  There is nothing to show that the owner did not provide proper and suitable appliances to receive and distribute *an adequate supply of water*.  We do not know the number of such appliances nor their location in the premises.  If such were provided, apart from the knob of the bathtub, which in this case is said to have been defective, the owner discharged the duty placed upon him by the statute.

It is true that a faucet may be deemed to be an appliance used in connection with the distribution of water, but it is not true that evidence of the defective condition of one such appliance in an apartment, in the absence of evidence that because of such defective

condition an adequate and sufficient supply of water at the particular floor was not provided, establishes liability.

Judgment affirmed, with twenty-five dollars costs.

Delehanty, J., concurs.

Bijur, J. (dissenting). I dissent. At the close of the case the learned trial judge stated that he would allow a recovery in a specified amount provided he made up his mind that the "knob of the bath tub is such a part of the building as is contemplated by the tenement house act." Upon the authority of *Kitchen* v. *Landy* (215 App. Div. 586) he awarded judgment to the defendant. The case of *Kitchen* v. *Landy* is authority for the proposition that because section 78 of the Tenement House Law (as amd. by Laws of 1923, chap. 796) expressly provides that there shall be "adequate chimneys * * * with an open fireplace or grate, or place for a stove, properly connected with one of said flues or chimneys for every apartment" the general provision of section 102 for keeping all parts of tenement houses "in good repair" does not impose a duty to keep a *stove* in repair. In the present case, however, there is a direct statutory mandate to the landlord to keep faucets in repair. Under section 103 "every tenement house shall have water furnished in sufficient quantity at one or more places on each floor * * *" and "the owner shall provide *proper and suitable* tanks, pumps or *other appliances* to receive and *to distribute* an adequate and sufficient supply of such water." Surely a faucet is an appliance used to distribute water.