BECKIE ISRAEL, Plaintiff, *v.* BESSIE TOONKEL, Defendant.

City Court of New York, Bronx County, June 10, 1929.

*Mencher, Sacher & Mencher* [*Harry Sacher* of counsel], for the plaintiff.

*James J. Mahoney*, for the defendant.

EVANS, J. Plaintiff occupied an apartment in a tenement house under a written lease which did not contain any covenant by the landlord to make repairs. In the apartment the landlord maintained an icebox for the use of the tenant. It was not affixed to the premises in any way, but was removable from its place, like any piece of furniture or kitchen utensil in the apartment. The needs of the tenant required a larger icebox, and the landlord delivered a new one. When it came, the tenant noticed that at one end of the door a piece of metal projected, which should have been soldered flush to the door. The landlord's attention was promptly called to the defect and she promised to correct it. Over a month elapsed, the metal still remained unsoldered to the door, and the plaintiff, without any negligence on her part, had one of her fingers ripped by the projecting metal, and permanently crippled. Much as I would like to see plaintiff compensated for the injury, I do not find any principle of law in her favor. Assuming that the oral promise of the landlord to repair the defective icebox, made after the executed lease, constitutes a covenant to repair,

the damages for breach of the covenant cannot be measured by the personal injury, but must be measured in the same way as if a mechanic had agreed to repair it, and had failed to do so. The cases seem plain upon the point and permit no leeway, for a new view, to a trial court. (*Flynn* v. *Hatton*, 43 How. Pr. 333; *Sanders* v. *Smith*, 5 Misc. 1; *Schick* v. *Fleischhauer*, 26 App. Div. 210; *Wynne* v. *Haight*, 27 id. 7; *Van Tassel* v. *Read*, 36 id. 529; *Miller* v. *Rinaldo*, 21 Misc. 470.) So far as the statute is concerned (Tenement House Law, § 102), it can have no application to the icebox. While it might be regarded as a fixture, in a proceeding between a materialman and the owner of the fee, for the purposes of imposing a mechanic's lien on the property, it cannot be deemed a fixture at bar, without doing plain violence to the established law on the subject. The icebox has no greater attributes of a fixture than a breadbox, or any other kitchen utensil or piece of furniture that might be supplied by a landlord, if she had rented the apartment to the tenant, furnished. As between this landlord and tenant, the icebox is personalty, with not the slightest link to the realty, to be even thought of as a fixture. A kitchen stove, attached to the building in the usual way, was held to be without the purview of the statute (*Kitchen* v. *Landy*, 215 App. Div. 596), and so was a faucet attached to a bathtub, in turn attached to the building. (*Block* v. *Baldan Realty Co., Inc.*, 129 Misc. 906.) The case of *Tucker* v. *Wagner* (132 Misc. 402), taking a different view as to a faucet attached to a bathtub, was really decided upon the principle that where a landlord volunteers to repair and does the work in a negligent manner he may be held liable. (*Marks* v. *Nambil Realty Co.*, 245 N. Y. 256.) But the icebox has not even the slight connection to the building possessed by the stove or faucet.

Liability was sought to be imposed on the trial because of the breach of agreement to repair and not upon the theory that the personal property when delivered to the tenant was known by the landlord to be a danger and would constitute a nuisance. In the case of a lease of realty in a dangerous condition, with knowledge by the lessor of the danger, and failure to disclose it to the tenant, liability would attach. (*Edwards* v. *New York & H. R. Co.*, 98 N. Y. 245.) And I do not suppose the rule would be different as to personal property. But here the danger, if any, was not known to the landlord, so far as the evidence shows, nor concealed by her from the tenant. The tenant immediately discovered the danger, if any. Under such circumstances, the only theory upon which plaintiff could prevail, if at all, was the one urged on the trial and litigated. The failure to perform a promise to repair might easily result in personal injury, but the damage is consequential and not the direct result of the breach of the agreement.

The cases where the landlord is held liable for personal injuries for failure to keep his premises in repair rest upon either an obligation imposed at common law, to that part of the premises used in common by all the tenants and the public or upon the command of a statute. (*Altz* v. *Leiberson*, 233 N. Y. 16.) Otherwise breach of covenant or agreement will not support an action for personal injuries. (*Boden* v. *Scholtz*, 101 App. Div. 1.) The motion to dismiss the complaint upon the merits must, therefore, be granted.