ALLEN NELSON, Respondent, *v.* ARNOLD NYGREN, Appellant.

(Argued March 18, 1932; decided April 26, 1932.)

*Frank Gibbons* for appellant. The plaintiff was guilty of contributory negligence. (*Higgins* v. *Mason*, 255 N. Y. 104; *Clark* v. *Traver*, 205 App. Div. 206; 237 N. Y. 544; *Sheehan* v. *Coffey*, 205 App. Div. 388; *Seltzer* v. *Indemnity Ins. Co.*, 252 N. Y. 330; *Knapp* v. *Barrett*, 216 N. Y. 226; *Peterson* v. *Ballantine*, 205 N. Y. 29; *Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131; *La Gay* v. *Director General of Railroads*, 231 N. Y. 191; *Oppenheimer* v. *Garkin*, 262 Mass. 281; *Lambert* v. *Eastern Massachusetts St. Ry.*, 240 Mass. 495; *Chesapeake Tel. Co.* v. *Merriken*, 128 Atl. Rep. 277; *Krueger* v. *Krueger*, 197 Wis. 588; *Simrell* v. *Eschenbach*, 303 Penn. St. 156.)

*J. Russell Rogerson* for respondent. The contributory negligence of plaintiff was a question for the jury, to be determined in the light of the facts and circumstances. (*Dowling* v. *Hastings*, 211 N. Y. 199; *Baxter* v. *Auburn & Syracuse Electric R. R. Co.*, 190 N. Y. 439; *Clark* v. *Traver*, 205 App. Div. 206; *Gardner* v. *Friederich*, 25 App. Div. 521.)

HUBBS, J. At about 12.30 A. M. on a clear night, plaintiff and defendant left Olean in defendant's auto-

mobile, intending to drive to Maple Springs, a distance of from 65 to 70 miles. As they left Olean the plaintiff told the defendant he would drive when they reached Randolph, that being approximately the half-way point, and to awaken him when they reached that place. The defendant acquiesced. The plaintiff then put blankets around himself, curled up on the seat and went to sleep.

Before reaching Randolph, and while the plaintiff was still asleep, the car left the highway. The plaintiff was found under the car, seriously injured. The defendant did not testify, but there is testimony to the effect that he said to the sheriff shortly after the accident, when asked how it occurred, that he must have fallen asleep. There is affirmative testimony that neither the plaintiff nor the defendant had been drinking, and that shortly before the accident the car was traveling at a speed of not to exceed 35 or 40 miles per hour. The plaintiff and the defendant were both experienced drivers and entirely familiar with the road, which was a State highway, straight, dry and in good condition.

The trial court submitted to the jury the question of the plaintiff's freedom from contributory negligence as one of fact. The jury rendered a verdict for the plaintiff which was affirmed by the Appellate Division, one justice dissenting.

The sole question presented upon this appeal is whether, under the facts and circumstances in this particular case, the conduct of the plaintiff, in voluntarily going to sleep with the consent of the driver, while riding as a guest in an automobile, constituted contributory negligence as a matter of law, so as to preclude a recovery against the driver, who has been found to have been negligent.

It has been decided in Massachusetts that a guest riding on a rear seat who voluntarily goes to sleep is guilty of contributory negligence as a matter of law. (*Oppenheim* v. *Barkin*, 262 Mass. 281.) There the guest did not go to sleep by arrangement with the driver.

It should be noted that in that State a guest can recover against a driver only in the event of gross negligence.

The same rule was adopted in Wisconsin in a case where a mother remained asleep while riding as a guest of her son, who, while driving the car, had dozed off after they had been on the road all night. (*Krueger* v. *Krueger*, 197 Wis. 588.) But in the later case of *Schmidt* v. *Leuthener* (199 Wis. 567) it was decided that the act of a front seat guest in closing his eyes and trying to sleep while on a long trip, was not contributory negligence as a matter of law which would preclude his recovery for the driver's negligence. In the same case it was said that a back seat guest was not guilty of contributory negligence as a matter of law in reading a newspaper.

No other case holding such conduct to constitute contributory negligence as a matter of law has been called to our attention. On the contrary, we find that in several States such conduct on the part of a guest has been decided not to constitute contributory negligence as a matter of law.

In Pennsylvania, where a guest is deemed negligent only if he fails to take measures to avoid " apparent dangers," it was decided that a sleeping guest was not guilty of contributory negligence as a matter of law, but the question was treated as one of fact to be decided in the light of the circumstances surrounding the case. (*Simrell* v. *Eschenbach*, 303 Penn. St. 156.) In Maryland, in a case where the driver, unknown to the sleeping guest, was unfamiliar with the road and permitted the car to run off and hit a telegraph pole, it was held that the guest was not guilty of contributory negligence as a matter of law. (*Chesapeake & Potomac Tel. Co.* v. *Merriken*, 147 Md. 572.) Likewise, in Vermont, it has been held that the fact that a passenger riding on a rear seat, at the time of the accident may have been asleep does not constitute contributory negligence as a matter of law. (*McAndrews* v. *Leonard*, 99 Vt. 512.) In *McDermott* v.

*Sibert* (218 Ala. 670) submission of the question to the jury as one of fact was held to be proper. And in *Dedman* v. *Dedman* (155 Tenn. 241) it was decided that one riding in an automobile as a guest, sitting with the driver, a hired servant of the owner, was not guilty of contributory negligence as a matter of law in engaging in conversation with those on the rear seat, giving no heed to the management of the car, although the driver would doubtless have heeded any direction given by the guest. That was held to be the proper rule although the car was traveling at an excessive speed, over a smooth road and the guest was a competent and experienced driver, familiar with the road, it further appearing that the car was a heavy one, capable of attaining a high speed without noticeable vibration.

In Iowa it has been said that a guest is not bound to keep a constant lookout for causes which might occasion injury, but he cannot close his eyes to obvious danger, or intrust his safety absolutely to the driver when the same knowledge of obvious or threatened danger is possessed by both; that care is measured by the attending circumstances. (*Matter of Hill*, 202 Iowa, 1038.)

In the last analysis, the rule governing a guest riding in an automobile is that he should conduct himself as an ordinarily prudent person would, under like circumstances. If he does he cannot be held negligent as a matter of law. Following the language adopted in the days of the stage coach and other horse-drawn vehicles, courts often add that he should call attention to apprehended danger, protest against fast driving, leave the automobile if it could be done with safety or demand that it be stopped and then get out of it. Such statements are only illustrations of what a reasonably prudent person might do under the circumstances. They do not constitute a legal standard of what a reasonably prudent person must do. The question is not whether the guest should protest against fast driving, call attention to

apprehended danger, or demand that the car be stopped so that he could get out. The legal question is whether, under the circumstances, he acted with the care that a reasonably prudent man would have used under the circumstances.

Who is to answer that question, the court or the jury? We believe it is for the jury to determine. The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law. To decide as a matter of law that if a guest, under circumstances like those in this case, should go to sleep in an automobile, he would be guilty of contributory negligence, would be to disregard realities and situations growing out of modern conditions.

In the case of *Weidlich* v. *N. Y., N. H. & H. R. R. Co.* (93 Conn. 438, at 442) the court clearly states the modern view of the law of contributory negligence as applied to a guest riding in an automobile: " The intestate was seen a few moments before the accident and a short distance from the crossing, seated on the rear seat of the closed automobile. If he had been asleep, or reading a book, or engrossed in talk with another than the driver, or in deep thought, he would not have been negligent because of this. Ordinary experience instances this as not infrequently the conduct of the ordinarily prudent person when riding as a guest on the rear seat of an automobile. No duty was upon the intestate to explain, excuse or justify his course."

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.