Rose Cooperman, Plaintiff, *v.* Harris Anderson, Defendant.

City Court of New York, Bronx County, November 14, 1935.

*Alex Weissman,* for the plaintiff.

*Harold M. Phillips [Mordecai Goldberg* of counsel], for the defendant.

Evans, J. Plaintiff was injured by a wash tub cover, which fell upon her, while she was washing clothes, in her wash tub. In order that she might be enabled to wash her clothes, she naturally had the cover up. The cover was fastened by hinges, with screws, to a wooden board. The wooden board was, in turn, fastened to the wall by nails. Because the screws or nails or both were loose the cover fell. A violation of section 102 of the Tenement House Law is claimed (now Multiple Dwelling Law, § 78).

The statute requires that every tenement house and " every part " thereof shall be kept in good repair. If a wash tub cover is a " part " of the house, so is a kitchen stove, a clothes drier, a window shade, an ice box, and every other article of personal property, connected in some way with the realty, and leased, with the apartment, by a landlord to a tenant. There could then be no distinction between the realty itself and those fixtures which have the attributes of personal property. Does the statute include every fixture, attached to the realty, or only the " house " itself?

The question has already been answered in *Kitchen* v. *Landy* (215 App. Div. 586), where Mr. Justice Jaycox said:

" The section of the law quoted above indicates that it is the house itself that is to be kept in repair. This idea is strengthened by examining the preceding sections, all of which relate to different parts of the house and prescribe the manner in which they shall be kept. * * *

" Further than that, as the law is in derogation of the common law, it is to be construed strictly."

And so, a kitchen stove ( *Kitchen* v. *Landy*, 215 App. Div. 586) and an ice box (*Israel* v. *Toonkel*, 134 Misc. 327), attached to the realty in no better, weaker or stronger manner than this wash tub cover, were held to be outside the purview of the statute. If a kitchen stove and an ice box, leased by the landlord to a tenant, are not within the statute, upon what different principle does a wash tub cover, a clothes drier, or a window shade come within its purview? And yet many of this kind of case, invoking the statute, section 102 of the Tenement House Law, are on the calendar of this court for trial.

I can perceive no difference between clothes driers, ice boxes, gas stoves, window shades and wash tub covers. Each is so attached to the realty that it may be removed without material harm thereto. They are all objects of convenience for the tenant, included in the apartment. In a general sense, they may all be a part of the " house." But, in any proper legal classification, as between the landlord and tenant, just because an accident happens, the nature of the property does not become transformed into realty. It is still personalty, and, unless the statute makes it a part of the " house," it remains personalty.

The statute has prescribed many regulations, in great detail, for this type of building, but nowhere can there be found any, for such things as wash tub covers, ice boxes, stoves, clothes driers and window shades.

Much confusion has resulted, because, in some cases, recoveries were allowed to tenants for personal injuries, where water faucets broke. In one case, the Appellate Term, by a divided court, held that a water faucet did not come within the purview of the statute. (*Block* v. *Baldan Realty Co., Inc.*, 129 Misc. 906.) Some of the trial justices of the Supreme Court and the City Court refused to follow that decision. (*Tucker* v. *Wagner*, 132 Misc. 402; *Jandorf* v. *Asinari*, 135 id. 373.)

But the water faucet cases are not at all in point here. The disagreement among the judges, in these cases, rests upon a different interpretation of section 103 of the Tenement House Law (now Multiple Dwelling Law, § 75). In none of these cases was it held by any judge that a water faucet came within the purview of section

102. It may be that section 103 covers a water faucet. At least that was a debatab e subject before *Polackoff* v. *Sonn & Co.* (264 N. Y. 702). But certainly section 103 must be stretched beyond recognition if it is to take in a wash tub cover.

Further confusion has resulted because the Appellate Division, Second Department, has said, in a memorandum opinion, that a tenant has a cause of action, because injured by a falling window shade. (*Neufeld* v. *Cohen*, 245 App. Div. 766.)

An examination of the record on appeal shows that the landlord there was liable either at common law, or under section 102 of the Tenement House Law. The theory of the decision, if under the statute, was that the proximate cause of the accident was the failure to repair a sash cord in a window, which, in turn, caused the shade to fall. The sash cord and window are a part of the " house," and would be within the purview of section 102 of the Tenement House Law. That was the theory of counsel for plaintiff, as is evidenced by his argument to the trial court on page 169 of the record on appeal, and that was undoubtedly a strong argument in the appellate court in favor of his case. The record on appeal suggests other reasons for the decision than the holding that section 102 of the Tenement House Law contemplates that window shades are part of the " house." When a landlord negligently places a defective window shade, liable to fall and cause injury, or negligently places any defective piece of personal property that is dangerous in an apartment, and liable to cause injury, he is guilty of negligence at common law. But that is quite different from a failure to keep in repair a window shade, originally placed, so that it was safe when installed, and became out of order with use.

In the present case there is no evidence that the wash tub cover was dangerous when installed, and that the landlord knew or ought to have known the probable results of the danger. Its danger, if any, resulted from use and lack of repair. That was the theory upon which the case was tried. Unless section 102 of the Tenement House Law can be the basis of the charge of negligence, the plaintiff has no case. Certainly there is nothing in *Neufeld* v. *Cohen* (*supra*) that changes the position that court took in *Kitchen* v. *Landy* (*supra*).

In view of the dissenting opinion of Mr. Justice CALLAHAN in *Goldkopf* v. *Met. Life Ins. Co.* (149 Misc. 663) it cannot be said that the Appellate Term in this department has effectively overruled the Appellate Division of the Second Department (*Kitchen* v. *Landy*, 215 App. Div. 586).

The complaint was, therefore, properly dismissed, and the motion for a new trial is denied.