MAMIE LESSIG, as Administratrix, etc., of BENJAMIN LESSIG, Deceased, Appellant, v. NEW YORK CENTRAL RAILROAD, Respondent.— Judgment dismissing the complaint after verdict in plaintiff's favor, in a death action, unanimously affirmed, with costs. No opinion. Present — Carswell, Davis, Johnston, Adel and Taylor, JJ.

ANN AUGUSTA LIDDELL, as Administratrix, etc., of JOHN LIDDELL, Deceased, Appellant, v. BARBARA NOVAK, Respondent.— Action to recover damages sustained by plaintiff by reason of the death of her intestate, who was alleged to have died as a result of injuries received upon being struck by a clothes drier which fell in the kitchen of the plaintiff's apartment. Judgment dismissing the complaint affirmed, with costs. The motion to set aside the verdict in favor of the plaintiff was not formally decided, but the verdict falls by reason of the dismissal. The clothes drier was supported by ropes having pulleys and hooks at their upper ends; the hooks being inserted into metal eyes which are anchored in the ceiling. Thus the drier and its supporting ropes are freely suspended and independent of the structure. Under the common law a landlord owed no general duty to a tenant to maintain an apartment in good repair (*Altz* v. *Leiberson*, 233 N. Y. 16); but by section 78 of the Multiple Dwelling Law a duty is imposed to keep every part of the dwelling in good repair. The statute is in derogation of the common law and must be strictly construed; and we believe the clothes drier herein is not part of the dwelling within the meaning of the statute. (*Kitchen* v. *Landy*, 215 App. Div. 586.) The evidence as to the accident's being the proximate cause of death is unconvincing, though this matter is academic in view of the absence of liability. Carswell, Davis, Johnston and Adel, JJ., concur; Hagarty, J., dissents and votes to reverse and to reinstate the verdict on the authority of *Polackoff* v. *Sonn & Co., Inc.* (264 N. Y. 702) and *Rosen* v. *2070 Davidson Ave. Corp.* (246 App. Div. 712).

TOWNSEND B. MARTIN, Respondent, v. JAMES M. AUSTIN (Sued Herein as JAMES N. AUSTIN) and MADELAINE H. AUSTIN (Sued Herein as "JANE" AUSTIN, His Wife, First Name Fictitious, Being Unknown to Plaintiff, Appellants.— Judgment for plaintiff in an action for breach of warranty in the sale of a horse, and for breach of an express condition that if the horse "did not pass the veterinary" the purchase price would be returned, unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Davis, Johnston and Taylor, JJ.