PAN AMERICAN SECURITIES CORPORATION, Respondent, v. FRIED, KRUPP AKTIENGESELLSCHAFT, Appellant. '(Action No. 2.) — Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 955.] Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

PIEL BROS. (a Corporation), Appellant, v. INTER-CITY BEVERAGE DISTRIBUTORS, INC., Respondent.— Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

MORRIS SCHAFF, Appellant, v. DANIELS & KENNEDY, INC., Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

SAMUEL SOLOMON, Respondent, v. NEVINS FUEL CORPORATION, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

HENRY VAN WYCK, Respondent, v. SANTO MANNINO, Appellant. (Action No. 1.) — Motion for reargument denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

BERNICE ALTURE, an Infant over the Age of Fourteen Years, by SIEGMUND ALTURE, Her Guardian ad Litem, and JOSEPH A. LEONARD, Appellants, v. 2061 BRYANT AVENUE CORPORATION, Respondent, and BRIDGEVILLE BUILDING SUPPLY COMPANY, INC., Defendant.— Action to recover damages for personal injuries sustained as a result of an automobile accident. Judgment entered on the verdict of a jury in favor of respondent, affirmed, with costs. No opinion. Hagarty, Carswell and Adel, JJ., concur; Lazansky, P. J., and Close, J., concur as to appellant Leonard but dissent as to appellant Alture and vote to reverse and grant a new trial, with the following memorandum: The defendant rested without offering any testimony. The following was testified to by the plaintiffs' witnesses without contradiction: That the truck of the defendant was standing in a diagonal position with its rear end pointing toward the right-hand side of the road in the direction in which the plaintiffs were riding; that there was sufficient room to pass to the rear of the truck without leaving the pavement; that the operator of the car in which the plaintiff Alture was a passenger blew his horn as he approached the stationary truck; that just as the car in which the plaintiff was a passenger was directly in the rear of the truck, the truck suddenly backed up without any warning, striking the car passing at its rear and causing the car to leave the road. There is some evidence from which the jury could have found the operator, Leonard, guilty of contributory negligence but there was little or no evidence upon which the jury could base a finding that the passenger, Alture, was negligent. Consequently, the charge as to appellant Alture was inadequate and erroneous. No clear distinctions between her rights as a passenger and Leonard's as operator were made in the court's charge. The court repeatedly charged the jury that if the infant plaintiff was in a position to see what was going on she could not recover unless she uttered " cautionary words." Such is not the duty of a passenger. ( Nelson v. Nygren, 259 N. Y. 71, 75.) Though no exception was taken, a new trial may be granted in the interest of justice. (Schlegel v. Kienzle, 238 App. Div. 866; Levine v. Kopelowitz, 249 id. 860.)