THE PEOPLE OF THE STATE OF NEW YORK ex rel. AGNES C. MITCHELL, Appellant, v. GUSTAVE MEDERER, Sheriff of the County of Nassau, Respondent.— Order of the Special Term, Nassau County, in so far as appealed from, dismissing a writ of habeas corpus and remanding the relator to the custody of the sheriff to be delivered to the agent of the State of California, reversed on the law, without costs, the writ sustained and the relator discharged. The proof establishes that the accused was not in the demanding State on the date the crime is alleged to have been committed. She is, therefore, not a fugitive from justice and the warrant of the Governor of the State of New York is void. Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

LUCY ROMANO and JOSEPH ROMANO, Appellants, v. HOME OWNERS' LOAN CORPORATION, Respondent.— In an action by plaintiff wife to recover damages for personal injuries sustained by reason of slipping and falling on a step of a stone stoop which had allegedly become slippery by reason of the dripping of water from a leak in an overhead gutter, and by her husband for loss of services and expenses, judgment dismissing the complaint, in accordance with the granting of a motion by defendant at the close of plaintiffs' case, on the ground that the plaintiff wife had failed to sustain her burden of establishing freedom from contributory negligence as a matter of law, reversed on the law and a new trial granted, with costs to abide the event. While a person who possesses pre-existing knowledge of a defect is required to exercise more care than one without such knowledge, the question of negligence is one of fact if reasonable minds might differ as to whether or not he exercised the higher degree of care required. (Leshinsky v. Cohen, 262 App. Div. 775.) Although the plaintiff wife did not look at the steps before descending, the question of her contributory negligence was one of fact. She was not required as a matter of law to keep the defect constantly in mind, particularly where, as here, the stoop itself was not defective, and it would be necessary for her to keep in mind the possibility of the overhead dripping in conjunction with the temperature. The stoop was the only standard means of passage from the sidewalk to the apartment of the plaintiffs. As there was no issue presented at the trial or on this appeal as to the sufficiency of the proof as to the slippery condition of the precise step upon which the plaintiff slipped and the connection between such condition and the alleged dripping from the gutter, we do not pass upon that question. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

NIKANOR SAWCHUK, Appellant, v. ESTERINO E. SANTEMMA and AMANDA SANTEMMA, Respondents.— Action to recover damages for personal injuries sustained as a consequence of a fall in a shower bath when a movable wooden platform broke. Judgment dismissing the complaint unanimously affirmed, with costs. (Fleming v. Oppel, 254 App. Div. 740; Bibeault v. Hefgold Realty Corp., 250 id. 761; motion for leave to appeal denied, 274 N. Y. 639; Liddell v. Novak, 246 App. Div. 848; Kitchen v. Landy, 215 id. 586.) Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.