NATIONAL RETAILERS MUTUAL INSURANCE COMPANY, Respondent, v. NICK PROTOGERON, Doing Business as KIPLING GARAGE. Appellant.

Supreme Court, Appellate Term, First Department, April 25, 1946.

*Simon Greenhill* for appellant.

*Julius J. Grayer* and *James H. Brassel* for respondent.

MEMORANDUM *Per Curiam.* The insured's action in leaving the car outside the garage with the keys in the ignition and the door unlocked contrary to the usual practice in defendant's garage of placing the keys on a shelf inside the garage constituted contributory negligence.

The judgment should be reversed, with $30 costs, and complaint dismissed, with costs.

McLAUGHLIN, J. (dissenting). The question as to whether the insured was guilty of contributory negligence was one of fact. After the insured had left her car outside the garage door the washer in the garage told her that he would take care of it in a minute. He said: " Just leave it there, I will take it up in a minute. I will be through with this car ". From this testimony the lower court as the trier of the facts could have found that the insured was not guilty of contributory negligence since in leaving the car outside with the promise that it would be taken up in a minute she was merely following the instructions of the defendant's employee. Under the circumstances, the insured's contributory negligence presented a question of fact.

The only time it may be said that a party is guilty of contributory negligence as a matter of law is where there is no dispute on the facts and only one conclusion can be drawn therefrom. (*Nelson* v. *Nygren*, 259 N. Y. 71.) It cannot be said here that the only conclusion that could be drawn was that plaintiff was contributorily negligent. On the contrary, the conclusion could be and apparently was reached by the trial court that there was no negligence in the insured's leaving her car where she did in view of the promise of the washer to take it up in a minute.

The judgment rendered by the lower court in plaintiff's favor should be affirmed.

SHIENTAG and HECHT, JJ., concur in memorandum *Per Curiam*; McLAUGHLIN, J., dissents in opinion.

Judgment reversed, etc.