DORA M. CLARK, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 29460.)
CHARLES E. CLARK, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 29461.)

Fourth Department, May 14, 1952.

*Joe Schapiro* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General,* and *Ronald E. Coleman* of counsel), for respondent.

*Per Curiam.* The claimant, Dora M. Clark, and her husband, Charles E. Clark, have been denied awards. Dora M. Clark was a passenger in the Brainard automobile which was involved in the accident and which was being operated by Lula M. Brainard. Awards were denied and the claims dismissed solely on a finding that Dora M. Clark failed to establish that she, a passenger, was free from contributory negligence. It was found that the State was negligent in the maintenance of the road and that such negligence was a proximate cause of the accident. Whatever may be said as to the negligence of the driver of the car as a contributing proximate cause of the accident, such negligence, if any, was not imputable to the passenger. The duty of a passenger is to conduct himself or herself as an ordinarily prudent person would do under similar circumstances (*Nelson* v. *Nygren,* 259 N. Y. 71), and of course, the burden was upon the claimant to prove that she did so.

She had ridden as a passenger with Mrs. Brainard for some years and had a right to rely upon and have confidence in Mrs. Brainard's operation of the car. There were no hazards unknown to the driver of which the passenger should have given warning. The evidence is that the car was going twenty-five or thirty miles per hour just before the accident and that there were some slippery spots on the road; that the car slid a little, was straightened up and then hit the holes in the pavement. The driver knew of the broken pavement and, as Dora Clark testified, '' she had slowed down purposely for that.'' The finding of negligence on the part of the driver was that '' she was travelling at a rate of speed in excess of the rate of speed required by and commensurate with the highway and weather conditions then and there prevailing.'' This excessive speed, so found, was at a point about 1,400 feet from the point where the car started to slide. The court made no finding that such was the speed where the accident occurred or that at the point of the accident the car was traveling at any given rate of speed, excessive or otherwise. There is no finding of fact nor any evidence in the case to support a finding that Dora M. Clark conducted herself in any manner other than a reasonably prudent passenger would do. There is nothing to indicate that Mrs. Clark should have, in the exercise of reasonable care for her own safety, apprehended danger and taken steps to avoid it. What dereliction of duty, as a passenger, was found by the court is not contained in the court's findings. We think that there is no evidence to support the finding that the claimant failed to establish freedom from contributory negligence. We, therefore, hold that Dora M. Clark and her husband, Charles E. Clark, are entitled to recover. The injuries sustained by the wife and her loss of wages are not disputed; nor the expenses incurred by her husband. For seven or eight weeks the wife was unable to do her ordinary housework.

We find that the claimant, Dora M. Clark, should be entitled to recover damages in the sum of $1,250 and that the claimant, Charles E. Clark, should be entitled to recover the sum of $250.

In each action: All concur, except TAYLOR, P. J., and PIPER, J., who dissent and vote for affirmance on the ground that the findings of the trial court are supported by the evidence. Present — TAYLOR, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

In Dora M. Clark action: Judgment reversed on the law and facts, with costs, and award in the sum of $1,250 made. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

In Charles E. Clark action: Judgment reversed on the law and facts, with costs, and award in the sum of $250 made. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.