THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM GEORGE PADDON, JR., Appellant.— Defendant appeals from a judgment of the County Court, Queens County, convicting him, on his plea of guilty, of attempted grand larceny in the second degree and sentencing him as a second felony offender to a term of. not less than one year and three months and not more than four years in Sing Sing Prison. Defendant also appeals from an order of said court directing that he be produced for sentence as a second offender. Judgment unanimously affirmed. No opinion. No separate appeal lies from the order, which has been reviewed on the appeal from the judgment of conviction. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LJUBOMIR JOHN SKRABONJA, Appellant.— Judgment of the County Court, Queens County, convicting appellant of the crime of abandonment of children (Penal Law, § 480), unanimously affirmed. No opinion. Present — Nolan, P. J., Wenzel, Schmidt, Beldock and Murphy, JJ.

■

THOMAS D. SHEEHAN, Respondent, v. HURON STEVEDORING CORPORATION, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the jury rendered a verdict for $12,725 in favor of plaintiff and against defendant Huron Stevedoring Corporation, and in favor of defendant Grace Line, Inc., against plaintiff. Defendant Huron appeals from the judgment entered thereon insofar as it is in favor of plaintiff and against it. Judgment insofar as appealed from reversed and a new trial granted, with costs to abide the event. The verdict was contrary to the weight of the evidence. Wenzel, Acting P. J., MacCrate and Beldock, JJ., concur; Murphy and Ughetta, JJ., concur in the reversal of the judgment but dissent insofar as a new trial is granted and vote to dismiss the complaint, with the following memorandum: Plaintiff was struck by a motor-driven truck, called a " Hi-lo ", owned and operated by defendant Huron Stevedoring Corporation on a pier to which he was assigned as a United States customs inspector. Plaintiff testified that he came out of the men's room on the pier and stood in a line with a pile of wooden pallets on his left. He saw a hi-lo loaded with cases coming toward him from his left. He could not see the driver of this hi-lo because of the cases. He then stepped back about six inches and looked to his right and saw an empty hi-lo about thirty feet away coming toward him. The loaded hi-lo was closer to him. He kept watching the empty hi-lo coming from his right until he was hit from behind by the loaded hi-lo coming from his left. The undisputed physical facts established that plaintiff was not within the protection of the pallets, as he testified, because he was struck at least three feet in front of them. It therefore appears that plaintiff was oblivious of his surroundings, placed himself in front of the oncoming loaded hi-lo and turned his back on the impending peril in disregard of it. Such conduct leads to but one conclusion, namely, that plaintiff's actions constituted contributory negligence as a matter of law. (Nelson v. Nygren, 259 N. Y. 71, 76.)