Oswald RENDON, Plaintiff-Appellant,

v.

Jean GOLDNER, Defendant-Appellee.

No. 69, Docket 26172.

United States Court of Appeals
Second Circuit.

Argued Nov. 2, 1960.

Decided Dec. 1, 1960.

Landes & Wingate, Brooklyn, for plaintiff-appellant. Benjamin H. Siff, New York City, of counsel.

Reilly & Reilly, New York City, for defendant-appellee. John G. Reilly and Harold V. McCoy, New York City, of counsel.

Before SWAN, CLARK and MEDINA, Circuit Judges.

PER CURIAM.

Plaintiff and defendant were counsellors at a summer camp for children. On the evening of July 27, 1957 they took a drive in defendant's open sports car. She drove and he was a passenger sitting at her right. While proceeding on Bradley Parkway, an unlighted two-lane macadam road, in Blauvelt, N. Y., the car failed to make a left-hand curve, ran off the road, and overturned, causing injuries to the plaintiff. At the trial Judge Dimock submitted to the jury the issues of defendant's negligence and plaintiff's contributory negligence. The jury returned a verdict in favor of the defendant. As federal jurisdiction rests on diversity, New York law controls.

The appellant's principal contention is that there was no evidence of contributory negligence and therefore it was reversible error to submit that issue to the jury. Plaintiff claimed that the accident occurred because of the negli-

gence of the defendant in driving too fast, in failing to apply her brakes in time, and in failing to use high beam lights on the unlighted road. She admitted her speed was 30 to 35 miles, that she was only 50 feet from the curve when she applied the brakes, and that her low beam lights were on from the time she entered Bradley Parkway to the place of the accident. This distance she said was between 500 and 650 feet. But plaintiff's witness, policeman Lenahan, testified that the distance was half a mile. Besides contending that there was oil on the road (denied by the policeman) which caused her car to skid, she argued that if she was negligent the plaintiff was contributorily negligent in failing to protest against the negligent manner of her driving. The judge called the jury's attention to this claim and charged: "Failure to protest where there was an opportunity to do so may be considered by you as evidence of contributory negligence." Plaintiff said that when the car entered Bradley Parkway it was so dark that he "couldn't see too far." This, according to the policeman, was half a mile from the accident. Under New York law a plaintiff has the burden of proving that he was not contributorily negligent. Fitzpatrick v. International Ry. Co., 252 N.Y. 127, 169 N.E. 112, 68 A.L.R. 801. This court cannot rule, as a matter of law, that the appellant sustained that burden. Whether plaintiff's failure to protest constituted contributory negligence was, in our opinion, a jury question. As the court stated in Nelson v. Nygren, 259 N.Y. 71, 75, 181 N.E. 52, 54: "The question of contributory negligence ordinarily is a question of fact."

Appellant contends also that it was error to permit the reporter to enter the jury room and read the court's charge, which they asked to have repeated. Plaintiff's attorney at first stated he had no objection to this procedure; but later he suggested that the jury should be cautioned not to converse with the reporter and said: "I think that is the only danger involved." The court did caution them, and the attorney made no further objection. Under the circumstances disclosed by the record we see no error in the procedure.

Judgment affirmed.