■ HARRY J. WHEELER, Respondent, v. MARY ORCIUOLI, Doing Business as HUDSON VALLEY TILE COMPANY, Appellant, et al., Defendant.— Appeal by defendant, Mary Orciuoli, doing business as Hudson Valley Tile Company, from a judgment entered upon the verdict of a jury in a personal injury action and from the order denying her motion to set aside the verdict and for a new trial upon all the grounds specified in section 549 of the Civil Practice Act except inadequacy. Plaintiff, a truck driver employed by a cartage company, while unloading heavy cases of tile from the tractor-trailer of his employer was injured when he slipped and fell in a driveway located on premises owned by the code-fendant and found by the jury to have been rutted and mounded with ice and snow. The private way provided the only means of access from the public street to a garage and small adjoining shed occupied by appellant, the consignee of the merchandise, under an oral lease. These buildings were used by the tenant for the storage of supplies and equipment and the housing of motor vehicles in connection with the conduct of a tiling business. It was to the leased facilities that she, on the day of his injury, directed plaintiff to make delivery of the materials by means of the driveway. Her right to make such use of the entrance as a privilege of the tenancy is not disputed. Other suppliers and her own trucks frequently traversed the same course as a means of ingress and egress to and from the operational base of her enterprise. An employee of appellant arranged for the plowing of snow from the area, the cost of which was treated as a business expense. On appeal no issue is raised as to the finding implicit in the verdict that the driveway upon which plaintiff fell was negligently maintained. Appellant first contends that since the inspection concededly made of the premises by plaintiff before he backed his vehicle into the driveway and began the unloading process disclosed its hazardous condition, the failure to exercise proper care in the presence of known danger rendered him guilty of contributory negligence as a matter of law. In the circumstances of this case reasonable minds might differ as to whether or not plaintiff having such pre-existent knowledge of the condition of the roadway — acquired but moments before the event — exercised the degree of care required. We conclude that the question of his contributory negligence was one of fact. (Nelson v. Nygren, 259 N. Y. 71, 76; Leshinsky v. Cohen, 262 App. Div. 775; Romano v. Home Owners' Loan Corp., 263 App. Div. 743, motion for rearg. denied 263 App. Div. 843, appeal dismissed 287 N. Y. 762; Bacher v. Bacher, 265 App. Div. 1011; Nimons v. Montgomery Ward & Co., 275 App. Div. 983, motion for leave to appeal denied 300 N. Y. 762.) The other ground urged for reversal is that the trial court erred in charging the jury that as a matter of law appellant was in control of the portion of the premises upon which the fall occurred. Put conversely, she maintains that the issue of her control should have been submitted to the jury as a question of fact as was done in the case of the defendant landlord. Such evidence of control on his part as there was by reason of ownership of the premises and his occupancy of a dwelling thereon is beside the point. On the record before us we think the charge was fully justified. Judgment and order unanimously affirmed, with costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.