■ BERNETTA MASON, Respondent, v. EAGLES LODGE, Appellant. — STALEY, JR., J. Appeal (1) from a judgment of the Supreme Court in favor of the plaintiff, entered March 17, 1967 in Tompkins County, upon a verdict rendered at a Trial Term and (2) from an order of said court, entered April 10, 1967 which denied defendant's motion for judgment in favor of the defendant. The plaintiff was auxiliary member of the defendant, Eagles Lodge, which is a fraternal organization maintaining lodge rooms for social gatherings of its members. The lodge building contains a bar, recreation rooms and a dining room. The entrance to defendant's building is by means of a series of concrete steps which lead to a porch-like platform in front of the entrance door. The steps and porch were 6 feet 3 inches in width with hand rails set in about 3 to 4 inches from the extreme outside of the steps. The porch was covered with a canopy, although it and the steps were otherwise unenclosed. On the evening of December 18, 1963 at approximately 7:30 P.M., when the plaintiff was leaving the property owned by the defendant, she slipped on accumulated ice and snow, and fell down the steps leading from the porch of the building to the sidewalk. The plaintiff had entered the building about 7:00 P.M. where she met a friend and, after having one drink together, they were leaving to go bowling. It had been snowing in that vicinity all day and about three inches of new snow had fallen. On the previous day there had been a snow fall of three-tenths of an inch and the total accumulation of old and new snow on December 18 was approximately five inches. The maximum temperature for the period from December 15 through December 18 was 23 degrees. The plaintiff testified that when she entered the building she walked up a path of hard packed snow approximately one and one-half feet wide located in the middle of the steps that other people had made and that there was approximately six inches of snow in depth on either side of the path. The evidence indicates that the accumulation of five inches of snow on the defendant's steps represented the two and one-half inches of snow which fell on December 18, and the remaining two and one-half inches which had accumulated over previous days. There was no evidence of any attempt by any employee of the defendant or anyone else to clean the steps or alleviate the hazardous condition which existed at the time of the accident and in part for some days prior thereto. The defendant had a duty to take such measures as a jury

might find reasonable under the prevailing weather conditions to reduce the danger. (*Amodeo* v. *New York City Tr. Auth.*, 10 A D 2d 982, affd. 9 N Y 2d 760.) The jury could properly find here that the condition had existed for a sufficient period of time to charge the defendant with constructive notice and negligence in not eliminating the hazard. (46 N. Y. Jur., Premises Liability, § 124; *Bordonaro* v. *Bank of Blasdell*, 285 N. Y. 606; *Berkowitz* v. *Prudential Sav. Bank*, 269 App. Div. 988; *Nimons* v. *Montgomery Ward Co.*, 275 App. Div. 983, mot. for lv. to app. den., 300 N. Y. 762.) The question of whether or not the plaintiff, under the circumstances here, was guilty of contributory negligence was a question of fact for the jury which found in favor of the plaintiff. (*Nelson* v. *Nygren*, 259 N. Y. 71; *Bacher* v. *Bacher*, 265 App. Div. 1011; *Nimons* v. *Montgomery Ward Co.*, supra; *Wheeler* v. *Orciuoli*, 18 A D 2d 1039.) Judgment and order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.