■ VIRGINIA RITTO et al., Respondents, v. MOLLY GOLDBERG, as Executrix of LEWIS GOLDBERG, Doing Business as 775 REALTY Co., Appellant, and WASHING MACHINE CLINIC et al., Appellants-Respondents.— Judgment affirmed, with $50 costs and disbursements to the plaintiffs-respondents. In this case, as in *Kurek* v. *Port Chester Housing Auth.* (18 N Y 2d 450), there was ample evidence for the jury finding that defendant-appellant landlord Goldberg exercised sufficient control over the washing machines installed by the licensee to charge Goldberg with liability for their proper maintenance. The machines were installed in the basement of the multiple dwelling in a room bearing a sign "Laundry Room" and open for the use of all 94 tenants. Although the lessees of the laundry room were to have "exclusive use" of the room "for the operation of the coin metered laundry equipment and machines," necessarily some measure of control remained with the landlord Goldberg since the same room contained Consolidated Edison meters. Goldberg too agreed to supply all of the electricity, gas and water required for the operation of the laundry equipment and machines. Goldberg, moreover, had actual notice of the defective operation of the machine in question. It was Goldberg's superintendent who received all complaints from the tenants as to defective or improperly working machines in the laundry room and conveyed these complaints to the lessee-owner's service contractor. The lessee-owner of the machines referred all tenants' complaints to the superintendent, while the repairmen received complaints only from the superintendent. Notice to the superintendent and his communication of tenants' complaints, was, in the language of the trial court, "an active function and assumption of obligation which the landlord undertook as part of the wheel which set in motion the process of repairing any part of the defective machinery." The failure on Goldberg's part to have the machinery properly repaired or to post a sign warning his tenants of its defective condition, casts him in the role of an active tort-feasor. (*Kurek* v. *Port Chester Housing Auth., supra,* p. 455.) Concur — Capozzoli, Tilzer and Markewich, JJ.; Eager, J. P., and McGivern, J., dissent in the following memorandum by Eager, J. P.: I would reverse the judgment as against the defendant Goldberg and dismiss the complaint as to her. In this case, the landlord (Goldberg) had leased the room containing the coin-automatic washing machines to the defendant H. B. H. Metered Machine Co. (the owner of the machines). Liability may not be predicated on the landlord's mere ownership of the real

property. (See *Cullings* v. *Goetz,* 256 N. Y. 287; *Roark* v. *Hunting,* 24 N Y 2d 470.) Clearly, section 78 of the Multiple Dwelling Law does not apply to impose liability on the landlord. (See *Liddell* v. *Novak,* 246 App. Div. 848; *Kitchen* v. *Landy,* 215 App. Div. 586; *Fleming* v. *Oppel,* 254. App. Div. 740.) Under the circumstances, the landlord may not be held liable for the condition of a washing machine not owned, controlled, directed or operated by him. He was not guilty of the breach of any duty owing to the tenants. He had no right to interfere with the washing machine belonging to and under the control of another, so it may not be properly argued that he was under a duty to repair or close off the machine. Furthermore, he had no right and, therefore, was under no duty to close off access to the laundry room or to post warnings which would have curtailed the use of the machines; to do so, would have placed him in violation of the obligations owing under the lease of the room to the owner of the machines. The case of *Kurek* v. *Port Chester Housing Auth.* (18 N Y 2d 450) is inapplicable to support the verdict against the landlord here in that in *Kurek* there was evidence that the landlord retained " some control " (see trial court's charge to jury) over the particular machine as well as of the room in which the machine was placed. The trial court there correctly charged the jury that " legal control may exist where a party or person is in a position to exercise power or authority to manage, direct, supervise, restrict, regulate, govern, administer or oversee the machines in question." On this basis, the proof in the *Kurek* case was such that the jury could find liability on the part of the landlord, and the Court of Appeals held that " a verdict against the Authority [the landlord] could have been sustained only if the jury found that the Authority had actual notice of the defective operation of the machine and had neglected to have it promptly repaired or to warn tenants of the danger involved in its use." (*Kurek,* p. 455.) But here there is no evidence to sustain a finding that the landlord reserved any control over the washing machines installed by the lessee, and the laundry room was leased exclusively to the owner of the machines; consequently, the landlord was not under a duty to have the machine " promptly repaired ". Furthermore, there is no evidence in the record here to sustain the conclusion that the landlord was bound to " warn tenants of the danger " involved in the use of the machine; there was no evidence to support a finding that the landlord was under a. duty or had volunteered to communicate any complaints concerning the machines to the owner thereof or to the service contractor.