OPINION OF THE COURT
George B. Ceresia, Jr., J.
The instant action arises out of a motor vehicle accident which occurred on July 5, 1992. Plaintiff Kelly E. Enders was a passenger in an automobile being operated by defendant Melanie K. Boggs on Grovenor Corners Road, Cobleskill, New York. The motor vehicle allegedly failed to negotiate a turn in the road, left the road, crashed and rolled over. It is uncontroverted *529 that plaintiff was wearing a seat belt at the time of the accident. Defendant contends that plaintiff was resting her feet on the dashboard at the time of the accident. Defendant has requested a charge that the jury, in assessing defendant’s liability, consider plaintiffs comparative fault in resting her feet on the dashboard of the motor vehicle.
The court has reviewed the memorandums of law submitted by counsel for the parties and the cases which have been cited. In the court’s view, the situation presented in the case at bar has similarities to the situation before the Court of Appeals in Spier v Barker (35 NY2d 444). In that case (which arose before the advent of legislation mandating the use of automobile seat belts) the defendant sought to raise the seat belt defense within the context of a defense of contributory negligence. The Court of Appeals found that since there was no causal connection between the nonuse of the seat belt and the accident itself, there could be no contributory negligence on the part of the plaintiff {supra, at 451), but that the defendant’s seat belt defense could be considered by the trier of fact in determining the issue of damages. The Court noted, however, that with respect to the issue of damages, the seat belt defense should not be submitted to the jury unless the defendant could demonstrate by competent evidence, (1) a causal connection between the plaintiffs nonuse of an available seat belt and the injuries and damage sustained, and (2) that the plaintiffs injuries were enhanced or exacerbated by such nonuse (see, Spier v Barker, 35 NY2d 444, 450, 451).
The case at bar does not involve an instance of nonuse of a seat belt. Since the parties have not cited to the court any reported cases in New York State directly on point, the issue presented to the court appears to be one of first impression.
The court is mindful that “each passenger has an independent common-law duty to exercise reasonable care for his [or her] own safety” (Stewart v Taylor, 193 AD2d 1078, 1078-1079 [4th Dept 1993], citing Nelson v Nygren, 259 NY 71, 75 [1932]). The obvious purpose of the seat belt is to fasten the occupant of the automobile securely in his or her seat, to protect that individual, in the event of an accident, from injury due to physical impact. While the instant case does not involve nonuse or improper use of a seat belt, the court finds that to the extent that an occupant of a motor vehicle positions herself or himself in such manner as to permit or even enhance the possibility of *530 such physical impact, an issue arises analogous to the situation where a seat belt is not used.
Under the circumstances, the court will not allow the jury to consider plaintiffs conduct in placing her feet on the dashboard of the vehicle as an issue of comparative negligence with respect to defendant’s liability. The court will permit this issue to be raised in mitigation of plaintiffs damages, within the guidelines enunciated by the Court of Appeals in the Spier case (supra), including the requirement for competent evidence to establish a causal connection between plaintiffs conduct and the injuries she sustained, and that such conduct resulted in enhanced and/or exacerbated injuries (supra, at 451).