■ JOSHUA JOHNSON et al., Appellants, v JOSHUA W. THOMPSON et al., Respondents. [53 NYS3d 435]—

Appeal from an order of the Supreme Court, Jefferson County (James P. McClusky, J.), dated March 23, 2016. The order, insofar as appealed from, denied those parts of the motion of plaintiffs seeking summary judgment dismissing the affirmative defenses of failure to mitigate damages and culpable conduct.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking to dismiss the affirmative defense of failure to mitigate damages to the extent that it is based on the alleged failure to use a seatbelt in violation of Vehicle and Traffic Law § 1229-c (3), and seeking to dismiss the affirmative defense of culpable conduct except to the extent it alleges that plaintiffs' damages may be diminished based on plaintiff Joshua Johnson's alleged lack of reasonable care in opting to ride in a motor vehicle without a seatbelt available for his use, and dismissing those affirmative defenses to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Joshua Johnson (plaintiff) in a motor vehicle accident, while he was a passenger in a vehicle outfitted for drag racing that was owned by defendant Ronald A. Cornell and operated by defendant Joshua W. Thompson. Plaintiffs appeal from an order to the extent that it denied those parts of their motion for summary judgment seeking to dismiss two of the affirmative defenses, i.e., culpable conduct and the "seatbelt defense."

We reject plaintiffs' contention that, pursuant to Vehicle and Traffic Law § 1229-c (8), evidence of plaintiff's failure to use a seatbelt is inadmissible with respect to the issues of his culpable conduct or proximate cause, inasmuch as that statute is inapplicable where, as here, no seatbelt was available to the

plaintiff in the vehicle. Nevertheless, because Vehicle and Traffic Law § 1229-c (8) is inapplicable, we modify the order by granting that part of plaintiffs' motion seeking to dismiss the affirmative defense of failure to mitigate damages insofar as it is based upon plaintiff's alleged failure to use a seatbelt in violation of Vehicle and Traffic Law § 1229-c (3).

Contrary to plaintiffs' contention, we conclude that the court properly denied that part of their motion seeking summary judgment dismissing the affirmative defense of culpable conduct to the extent that defendants allege that plaintiffs' damages should be diminished based on plaintiff's breach of an independent common-law duty to exercise reasonable care for his own safety (*see Nelson v Nygren*, 259 NY 71, 75 [1932]; *see generally* PJI 2:87), by opting to ride in a motor vehicle without a seatbelt available for his use. We agree with plaintiffs, however, that there is no evidence that plaintiff's conduct contributed to the occurrence of the accident, and thus we conclude that the affirmative defense of culpable conduct should be dismissed to that extent. We therefore further modify the order accordingly. Present—Centra, J.P., Carni, Lindley, Curran and Troutman, JJ.