# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**412**

**CA 16-01422**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

JOSHUA JOHNSON AND ANGELA JOHNSON,
PLAINTIFFS-APPELLANTS,

                V                           MEMORANDUM AND ORDER

JOSHUA W. THOMPSON AND RONALD A. CORNELL,
DEFENDANTS-RESPONDENTS.

---

GREENE & REID, PLLC, SYRACUSE (EUGENE W. LANE OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ERIC S. BERNHARDT OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Jefferson County
(James P. McClusky, J.), dated March 23, 2016. The order, insofar as
appealed from, denied those parts of the motion of plaintiffs seeking
summary judgment dismissing the affirmative defenses of failure to
mitigate damages and culpable conduct.

     It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motion
seeking to dismiss the affirmative defense of failure to mitigate
damages to the extent that it is based on the alleged failure to use a
seatbelt in violation of Vehicle and Traffic Law § 1229-c (3), and
seeking to dismiss the affirmative defense of culpable conduct except
to the extent it alleges that plaintiffs' damages may be diminished
based on plaintiff Joshua Johnson's alleged lack of reasonable care in
opting to ride in a motor vehicle without a seatbelt available for his
use, and dismissing those affirmative defenses to that extent, and as
modified the order is affirmed without costs.

     Memorandum: Plaintiffs commenced this action seeking damages for
injuries allegedly sustained by Joshua Johnson (plaintiff) in a motor
vehicle accident, while he was a passenger in a vehicle outfitted for
drag racing that was owned by defendant Ronald A. Cornell and operated
by defendant Joshua W. Thompson. Plaintiffs appeal from an order to
the extent that it denied those parts of their motion for summary
judgment seeking to dismiss two of the affirmative defenses, i.e.,
culpable conduct and the "seatbelt defense."

     We reject plaintiffs' contention that, pursuant to Vehicle and
Traffic Law § 1229-c (8), evidence of plaintiff's failure to use a
seatbelt is inadmissible with respect to the issues of his culpable

conduct or proximate cause, inasmuch as that statute is inapplicable where, as here, no seatbelt was available to the plaintiff in the vehicle.  Nevertheless, because Vehicle and Traffic Law § 1229-c (8) is inapplicable, we modify the order by granting that part of plaintiffs' motion seeking to dismiss the affirmative defense of failure to mitigate damages insofar as it is based upon plaintiff's alleged failure to use a seatbelt in violation of Vehicle and Traffic Law § 1229-c (3).

Contrary to plaintiffs' contention, we conclude that the court properly denied that part of their motion seeking summary judgment dismissing the affirmative defense of culpable conduct to the extent that defendants allege that plaintiffs' damages should be diminished based on plaintiff's breach of an independent common-law duty to exercise reasonable care for his own safety (*see Nelson v Nygren*, 259 NY 71, 75; *see generally* PJI 2:87), by opting to ride in a motor vehicle without a seatbelt available for his use.  We agree with plaintiffs, however, that there is no evidence that plaintiff's conduct contributed to the occurrence of the accident, and thus we conclude that the affirmative defense of culpable conduct should be dismissed to that extent.  We therefore further modify the order accordingly.

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court