514

(June 9, 1966)

■  In the Matter of the Appointment of a Committee of the Person and Property of MARY L. THOMAS, Also Known as MARY L. SMITH and MARY L. CLOUD, an Alleged Incompetent Person, Appellant. HARRY BAUMEISTER, as Cocommittee, et al., Respondents.

*Per Curiam.*  This proceeding was duly instituted for a declaration of incompetency and the appointment of a committee; and the alleged incompetent appeals from an order confirming the finding of a commissioner's jury of her incompetency, declaring her incompetent to manage herself and her affairs by reason of mental illness and appointing a committee.

The removal of the incompetent to the home of a nephew in Pennsylvania pending this proceeding does not justify the relinquishing by this court of jurisdiction of the proceeding. If, as is apparent, she was incompetent when so removed, there has been no proper and effective change of her domicile. In any event, this court, having duly acquired jurisdiction over her person, continues to possess such jurisdiction for the purpose of rendering herein such final determination as may be proper and necessary for her welfare. Moreover, since funds and property owned by her were duly taken into and are now held in the custody of the court by means of a receivership, this court is under the duty to retain jurisdiction for the purpose of rendering such order concerning her funds and property as may be proper for the protection and preservation of the same for her benefit. If, as claimed by her and her nephew, she is in fact competent, she is not without proper remedy in the premises.

Certain aspects of this proceeding have had a tendency to thwart the true administration of justice. The record contains most convincing evidence that the alleged incompetent is in fact incompetent to manage herself and her affairs by reason of illness, and her welfare and the protection and preservation of her estate should be the paramount concern of the parties. Instead, however, it appears that the petitioner and those (other than the guardian ad litem) appearing in behalf of the incompetent, including her nephew, are selfishly utilizing this proceeding for the purpose of establishing some advantageous position as a basis for succeeding to her estate upon her decease. The proceedings by the parties and their attorneys directed toward this purpose are intolerable. Particularly, in this connection, there seems to be no justification for the frustration of the court's directions for an examination of the alleged incompetent by a court designated physician.

The proofs adduced upon the trial before the commissioner and the jury clearly support the finding of incompetency by the jury, but we are constrained to vacate the adjudication of incompetency and the appointment of the committee because, in our opinion, the respondent incompetent was improperly precluded by the commissioner from offering any evidence in her own defense concerning her mental and physical condition. There was no proper support for the rendition of the commissioner's order of preclusion on basis of the respondent's alleged failure to comply with the orders of the court for her examination without affording her a proper opportunity to purge herself from the effect of her default. It does not satisfactorily appear that she understandingly, willfully and contumaciously failed and refused to obey the directions of the court. If she is incompetent as alleged and as it appears,

she may not be charged with responsibility for the acts of others tending to frustrate such directions.

In any event, ordinarily, in the interests of the welfare of the alleged incompetent and of securing a proper determination on the merits of the pertinent issues in a proceeding for a declaration of incompetency, there is no justification for the placing of limitations upon the receipt of any relevant and competent evidence bearing upon the issues. Under the circumstances here, the commissioner was bound to receive, and the jury was entitled to have presented before it, all relevant, competent and noncumulative evidence bearing upon the present physical and mental condition of the alleged incompetent and her present needs and living conditions.

Furthermore, the summation of the guardian ad litem on the issue of incompetency was improper and prejudicially so insofar as he thereby presented himself as an unsworn witness as to facts bearing upon such issue.

We intend no prejudgment with respect to any of the matters affecting the welfare and interests of the alleged incompetent. It may very well be that the well-being of the incompetent will be promoted by the continuance of her residence with her nephew. This is a matter for investigation and consideration by the guardian ad litem hereby designated and a committee, when and if appointed. Also, we intend no criticism of the guardian ad litem, the commissioner, or the committee heretofore appointed, and the determination here is without prejudice to their respective applications for proper compensation.

The orders, entered December 21, 1965, should be reversed and vacated, on the law and the facts, without costs and disbursements to any party, and proceeding remanded for a new trial in Supreme Court on alleged issue of incompetency and incidental issues, with the following directions, to wit: (1) The appointment of a commissioner and the direction of a trial by said commissioner by order entered August 9, 1965, and the commission issued on August 10, 1965, are vacated, and the trial herein shall be held at Trial Term of Supreme Court before a petit jury; (2) the appointment of Edward V. Loughlin, Esq., as guardian ad litem for the alleged incompetent, is hereby terminated as of the date of entry of the order to be settled hereon and a guardian ad litem, to be named in said order, will be designated and appointed to henceforth appear for and represent the interests of the alleged incompetent in this proceeding; and (3) the committee appointed by the order hereby vacated shall forthwith return to the receiver all the funds and property of the alleged incompetent received by such committee from the receiver. Settle order on notice.

RABIN, J. (dissenting in part). I am concerned about the vacatur of the order of December 21 which declared the appellant to be an incompetent. It is abundantly apparent from the record that the appellant is incompetent, and to vacate the decree of incompetency at this time would open the door to the possible abuses which we seek to guard against by incompetency proceedings.

Exception is taken by the majority to the exclusion of medical testimony (concerning the period starting with June 14, 1965, the date the proceeding was begun) on behalf of the incompetent, bearing upon her physical and mental condition. That exclusion was in consequence of the alleged incompetent's refusal to permit an examination by physicians selected by the petitioner. It would have been manifestly unfair to allow testimony in support of competency, and at the same time, because of her refusal to obey the order of the court, to keep the door virtually closed to medical testimony of incompetency. Of course, if she was incompetent she may not be charged with " responsibility

for the acts of her attorney and her nephew tending to frustrate " the court's direction for such physical examination. However, if that were so, there is no injustice done by the finding of incompetency. On the other hand, if she were not incompetent, then she should be charged with failing to carry out the orders of the court.

It is quite apparent to me that there will never be any acquiescence, either by the alleged incompetent or by those who presently have her in their charge, to a medical examination.

Furthermore, I cannot see where there is any prejudice done to the appellant in letting the judgment of incompetency stand. If, indeed, she be competent, she can at any time, upon a proper showing, bring a proceeding to establish that fact. To that end, I would modify the order here entered to make it without prejudice to her right to do so forthwith.

I do not dissent to the vacatur of the committee appointed and the designation of a new committee. I can see some conflict of interest. However, I see no useful purpose in vacating the appointment of the present guardian ad litem and in the designation of a new guardian in his place. There is nothing in this record to indicate that, in the circumstances, he failed to properly discharge his duties.

McNALLY, J. (dissenting in part). The present guardian ad litem should be retained for the reasons stated in the dissenting opinion of Rabin, J.

Breitel, J. P., Eager and Steuer, JJ., concur in *Per Curiam* opinion; Rabin and McNally, JJ., dissent in part in separate opinions.

Orders, entered December 21, 1965, reversed and vacated, on the law and the facts, without costs and disbursements to any party, and proceeding remanded for a new trial in the Supreme Court on alleged issue of incompetency and incidental issues, with the following directions, to wit: (1) the appointment of a commissioner and the direction of a trial by said commissioner by order entered August 9, 1965, and the commission issued on August 10, 1965, are vacated, and the trial herein shall be held at trial term of Supreme Court before a petit jury; (2) the appointment of Edward V. Loughlin, Esq., as guardian ad litem for the alleged incompetent, is hereby terminated as of the date of entry of the order to be settled hereon and a guardian ad litem, to be named in said order, will be designated and appointed to henceforth appear for and represent the interest of the alleged incompetent in this proceeding; and (3) the committee appointed by the order hereby vacated shall forthwith return to the receiver all the funds and property of the alleged incompetent received by such committee from the receiver. Settle order on notice.