■ ESTHER SIIVONEN, as Executrix of PAAVO SIIVONEN, Deceased, Respondent, v. CITY OF ONEIDA, Appellant.— Appeals (1) from a judgment of the Supreme Court in favor of plaintiff, entered November 9, 1970, in Madison County, upon a verdict rendered at a Trial Term, and (2) from an order of said court which directed that the verdict of $150,000 be set aside unless plaintiff stipulated to reduce the verdict to $100,000. On September 26, 1963, respondent's husband, Paavo Siivonen, was a paid fireman of the City of Oneida. At some time prior to 7:00 P.M. on that day a fire call came to the fire station where he was on duty. The senior officer in charge was Captain Edward C. McCulley. In response to the call, McCulley and Siivonen left the fire station in a fire truck which was driven by McCulley with Siivonen seated as a passenger on the right seat of the open cab of the truck. The route to the fire was west along Lenox Avenue to Willow Street, then north on Willow Street across the railroad crossing of the east-west bound tracks of the New York Central Railroad. Shortly after the fire engine left the station, a radio call was received that the fire engine was being slowed and blocked by a train at the Willow Street crossing. As the fire truck approached the railroad crossing, the warning crossing gates were down and closed, the gates' lights were flashing and the red warning signal lights flashing. A watchman on the north side of the tracks was waving his flags signaling McCulley to stop. As the fire truck approached the crossing, it slowed down behind an automobile which had stopped because of the warning crossing gate and then drove around the closed guard gate onto track two of the railroad tracks. Witnesses differed as to the rate of speed of the truck but most witnesses testified that the truck slowed down, went around the closed gate, and then increased its speed. After the fire engine went around the gate, the decedent Siivonen stood up and looked to his right or east from the direction the train was coming and, an instant thereafter, the fire truck was struck by the railroad engine. The impact took place on the passenger side near the right front end of the truck and both the driver and passenger were killed. There is conflicting testimony also as to when the decedent stood up on the passenger side. Some witnesses said he stood up as the truck went around the gate. The majority stated that he stood up an instant before the impact, including the fireman on the New York Central train. All witnesses agreed that only seconds transpired from the time the truck went around the gate and the collision occurred. There were brush, weeds and trees to the northeast of the crossing which obscured visibility to the east. The southernmost rail of track two was less than 30 feet north of the

gate. The sight distance to the east when the fire truck was two feet north of the gate, or 26 feet south of the southernmost rail of track two, where the accident happened, was approximately 4,000 feet. At 30 feet south of the southernmost rail of track two, the sight distance to the east was only 226 feet. Appellant concedes that there is no issue relative to the negligence of the driver of the fire truck, and that appellant was negligent by reason of the negligence of its employee. The main issue is whether the decedent was guilty of contributory negligence as a matter of law, and whether the jury's finding that he was not negligent is against the weight of the evidence. On a prior appeal (*Siivonen* v. *City of Oneida*, 33 A D 2d 934), we affirmed a judgment of no cause of action in favor of the defendant New York Central Railroad, and reversed a judgment of no cause of action in favor of the City of Oneida by reason of errors in the charge of the trial court. We did not reach on that appeal the question of decedent's contributory negligence. On this record there is no evidence from which the decedent could be found contributorily negligent as a matter of law. At the time of the accident he was under command, control and supervision of Captain McCulley, the driver, who made the decision to drive around the lowered gate onto the railroad tracks. The fact that decedent as a passenger stood up and looked in the direction of the oncoming train an instant before impact, is not sufficient, standing alone, to constitute negligence. Such a finding would be mere speculation. " The question of contributory negligence ordinarily is a question of fact. It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law." (*Nelson* v. *Nygren*, 259 N. Y. 71, 76; see, also, *Rossman* v. *La Grega*, 28 N Y 2d 300.) The issue as to decedent's contributory negligence was properly submitted to the jury as a question of fact. Appellant further contends that the verdict, as reduced by the trial court, is still excessive. At the time of his death, Siivonen was 30 years of age, in good health, with a life expectancy of 35 years. He was earning $4,000 per year as a fireman and earned from $2,000 to $3,000 per year as a carpenter in his spare time. His widow was 34 years of age at the time of his death, with a life expectancy of 32 years. Taking into consideration all of these factors, we cannot say the verdict as reduced was excessive. (*La Rocco* v. *Penn Cent. Transp. Co.*, 36 A D 2d 557, revd. on other grounds, 29 N Y 2d 528; *Sandor* v. *Katz*, 27 A D 2d 766.) We have considered the other issues asserted by appellant and find them to be without merit. Judgment and order affirmed, with costs. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.