■ CHARLES A. PFOHL, Deceased, by RICHARD C. PFOHL, Administrator of the Estate of CHARLES A. PFOHL, Deceased, et al., Respondents, v. RICHARD WIPPERMAN et al., Appellants.— Order reversed, on the law and facts, with costs, and verdict of the jury reinstated. Memorandum: Defendant Wipperman, a Town of Cheektowaga police officer, was on patrol in a Cheektowaga police car that had police markings on both doors and a gumball on top. At about 2:15 A.M. he observed a car run through a boulevard stop sign at an intersection; he then turned on the gumball light and gave chase. While in pursuit, the right front of the police car came into contact with the left side of the fleeing car. During the chase, the fleeing car jumped the curb, spun around facing

the direction from which it had come, and started off again. Shortly afterwards, it came to a stop and the driver, later identified as Pfohl, got out and ran. Wipperman, who had also turned his car around and followed Pfohl, brought it to a stop, got out and pursued Pfohl on foot. As he was chasing Pfohl, he called out, "Police, stop, police, stop," took his gun out of its holster and cocked it. He carried the gun in his right hand, pointing it upwards, with his finger on the outside of the trigger guard, and did not touch the trigger. As he continued the pursuit, he again called "Police" but Pfohl did not stop. Finally, Wipperman caught up with Pfohl, grabbed him with his left hand and put his right hand on Pfohl's shoulder to keep Pfohl from facing toward him. Pfohl suddenly swung towards Wipperman whose gun went off, fatally injuring Pfohl. A disinterested witness testified that, as Pfohl abruptly spun around, he struck Wipperman's hand and the gun discharged. The verdict was supported by the evidence. Even assuming negligence on the part of Wipperman in pursuing Pfohl with a cocked gun, the conduct of Pfohl presented a question of fact for the jury on whether he was guilty of contributory negligence. In *Wartels* v. *County Asphalt* (29 N Y 2d 372, 379) the court stated that "the determination of the issue of contributory negligence is, of course, almost exclusively a jury function", and in *Siivonen* v. *City of Oneida* (38 A D 2d 654) the court held that the issue of a decedent's negligence was correctly submitted to the jury as a question of fact. "It is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that [the question of contributory negligence] may be decided as a question of law." (*Nelson* v. *Nygren,* 259 N. Y. 71, 76; *Siivonon* v. *City of Oneida, supra,* p. 655.) Where plain questions of fact are involved, the trial court should not set aside a verdict because it "might have arrived at a different conclusion on the same evidence." (*Dashnau* v. *City of Oswego,* 204 App. Div. 189, 192.) In *Lee* v. *Lesniak* (40 A D 2d 756) we said that "we may disturb the jury's finding only if it may be said that 'the preponderance of the evidence was so great that the jury could not have reached the veridct it did on "any fair interpretation of the evidence" [citing cases]'." Since there was sufficient evidence to support the jury's finding, its verdict should not have been set aside. All concur, except DEL VECCHIO, J. P. and SIMONS, J., who dissent and vote to affirm the order, in the following Memorandum: There is a distinction between the standards for review of a jury verdict by a Trial Judge and appellate review of a trial court's determination to set aside a jury verdict. While it may be that we would not have granted respondents' motion for a new trial, we may reverse the Trial Judge only when his interference with the jury's verdict has been unreasonable. (*Mann* v. *Hunt,* 283 App. Div. 140.) Because the jury did not make specific findings we do not know the basis for its verdict. (Cf. *Gandy* v. *Wuster,* 25 A D 2d 478.) If the verdict of no cause of action was based upon failure to prove negligence, the trial court's action was proper since a verdict based on such a finding would be contrary to the weight of evidence. On the other hand, the jury could find no cause for action based upon decedent's contributory negligence and that verdict could be supported by evidence in the record. However, we do not know the basis for the verdict, and since it may have been based upon a finding contrary to the weight of evidence, the action of the trial court in setting aside the general verdict was not unreasonable and its order should be affirmed. (Appeal from order of Erie Trial Term directing new trial in negligence action.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.