◼ In the Matter of OLGA AHO, Appellant, an Alleged Incompetent Person. LILLIAN C. RHODES et al., Respondents.— In a proceeding for the appointment of a committee of the person and property of an alleged incompetent, the latter purports to appeal from (a) an order of the Supreme Court, Westchester County, entered August 3, 1973, which denied her motion for a change of venue to the County of Schenectady, and (b) so much of a judgment of the same court, entered September 18, 1973, after a jury trial, as (1) appointed Stewart W. Rowe, Esq., committee of the person of the alleged incompetent and the County Trust Company the committee of the property of the said incompetent and (2) set forth certain implementing provisions. Appeals dismissed, without costs. After final judgment no separate appeal from the intermediate order denying a change of venue survived (*Dayon* v. *Downe Communications*, 42 A D 2d 889; *Matter of New York Life Ins. Co.* v. *Galvin*, 41 A D 2d 83, 86; *Sawdon* v. *Sawdon*, 39 A D 2d 883). The purported attorneys for appellant have demonstrated no authority to bring these appeals, as their alleged client is now an adjudicated incompetent and the finding of

incompetence is not contested (see *Matter of Berman*, 24 A D 2d 432; *Matter of Deimer*, 274 App. Div. 557, 559; *Matter of Thoms*, 286 App. Div. 1146; *Matter of Stenton*, 53 Misc. 515; CPLR 1201; cf. *Matter of Caidin*, 272 App. Div. 774; *Matter of Larner*, 68 App Div. 320). In any event, the appeal from the judgment did not bring up for review the denial of the motion for a change of venue (*Matter of Seltzer* v. *Wendell*, 11 A D 2d 805). In this case, unlike the situation in *Matter of Roe* (24 N Y 2d 52, 55), in which the proceeding had "indisputably" been brought in the wrong county, the facts adduced indicated that venue was properly laid in Westchester County, as the incompetent had lacked the mental capacity to formulate the intention to change her domicile (see *Matter of McKitterick*, 286 App. Div. 885; *Matter of Porter*, 34 App. Div. 147; *Matter of Thomas*, 26 A D 2d 514). Therefore, the order did not "necessarily affect" the final judgment (CPLR 5501, subd. [a], par. 1). Latham, Acting P. J., Shapiro, Cohalan and Benjamin, JJ., concur; Brennan, J., not voting.