■ OSCAR WEISSGLASS, Respondent, v ROSE E. WEISSGLASS, Appellant.— Order of the Supreme Court, Richmond County, entered February 10, 1976, affirmed, without costs or disbursements. The defendant has failed to show a genuine necessity for more temporary alimony than was granted by Special Term. The parties are directed to proceed to an immediate trial. The remedy for any seeming inequity in a temporary order of alimony is a speedy trial, at which the rights of the parties may be fully determined *(Thomases v Thomases,* 51 AD2d 753). Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ ELIZABETH A. WENG et al., Appellants, v LUCILLE GILL et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., arising out of an intersectional two-car collision, plaintiffs appeal from a judgment of the Supreme Court, Kings County, entered November 5, 1975, in favor of defendants, upon the trial court's granting of a motion (1) to set aside the verdicts in favor of plaintiffs and (2) to dismiss the complaint. Judgment reversed, with costs, and the jury verdicts are reinstated. The trial court determined, as a matter of law, that the plaintiff driver either did not look, or, having looked, did not see the approaching car in sufficient time to take precautionary steps and that she was therefore negligent. Clearly this was a question of fact, which the jury could, and did, fairly determine in plaintiff's favor. The relative speeds of the two cars and the respective distances which they traversed were considerations for the jury to weigh in determining fault. Cohalan, Acting P. J., Damiani, Rabin, Titone and Hawkins, JJ., concur.

■ In the Matter of OLGA AHO, an Alleged Incompetent Person, Appellant. LILLIAN C. RHODES et al., Respondents.—In a proceeding for the appointment of a committee of the person and property of an alleged incompetent, remitted to this court by the Court of Appeals, the appeal is from so much of a judgment of the Supreme Court, Westchester County, entered September 18, 1973, after a jury trial, as (1) appointed committees of the person and property of the incompetent and (2) contained certain implementing provisions. The appeal from the judgment brings up for review an order of the same court, entered August 3, 1973, which denied a motion for a change of venue (see *Matter of Aho,* 46 AD2d 673, mod 39 NY2d 241). Judgment and order affirmed insofar as appealed from and reviewed, without costs or disbursements. The proof adduced amply supports the finding that the incompetent lacked the requisite capacity in 1972 to formulate an intention to change her domicile (see *Matter of Thomas,* 26 AD2d 514). Gulotta, P. J., Hopkins, Latham, Cohalan and Shapiro, JJ., concur.

■ In the Matter of BARSTOW ASSOCIATES, Respondent, v LEE GOODWIN et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant State Rent Administrator, dated October 10, 1974, which fixed the initial legal regulated rents for certain apartment houses owned by petitioner, the appeal is from a judgment of the Supreme Court, Nassau County, dated June 11, 1975, which annulled the determination and remanded the matter to the appellant State Division of Housing and Community Renewal to redetermine the initial legal regulated rents. Permission for the taking of this appeal is hereby granted by Mr. Justice Rabin. Judgment affirmed, without costs or disbursements. Petitioner supplied appellants with all of the information necessary to determine the amounts due under the various escalator clauses. Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.