ANNETTA MARTYN, Appellant, v HYMAN SCHWARTZ, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: In this negligence action plaintiff appeals from a jury verdict of no cause of action. Plaintiff, age 88, and her daughter were tenants in a multiple dwelling owned by defendant. While carrying a garbage pail in the yard of the premises plaintiff fell and sustained injuries. It is the plaintiff's claim that she was caused to fall because of a protruding iron grate. After a preliminary examination the trial court refused to swear plaintiff as a witness because of her confused mental state and her deafness. There was no witness to the accident and the account of how it happened was taken from plaintiff's examination before trial. Because of plaintiff's mental and physical disabilities her account of her fall is lacking in specificity. She stated that she "slipped down on the snow * * * it was slippery, anyway, and I slipped. * * * I looked down and there was a piece of iron sticking up. * * * I tripped on it and I fell". In response to a question as to how high above the ground the grate was, she said "Oh, well, just noticeable". The building's caretaker stated that the grate was "about a quarter of an inch" above the ground, and plaintiff's daughter estimated the protrusion at "three-quarters of an inch". The issues on this appeal relate to whether the alleged projecting iron grate was the proximate cause of plaintiff's injury and whether plaintiff's own actions bar her recovery. The question of whether the plaintiff, who had lived in the premises for three years, knew of the presence of the grate and perceived the possible danger it may have created was clearly one for jury resolution. While the court's charge in this respect could have been more precise, the issue of plaintiff's contributory negligence in the circumstances was sufficiently presented to the jury for its determination (see *Wartels v County Asphalt,* 29 NY2d 372, 379; *Pfohl v Wipperman,* 41 AD2d 891, 892; *Siivonen v City of Oneida,* 38 AD2d 654, 655). We have considered plaintiff's other claims of error and find that they are insufficient to justify disturbing the jury's verdict. (Appeal from judgment of Monroe

Supreme Court—negligence.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.