■ AMY PLUMMER et al., Respondents, v CARMEN BRODNAX, as Administratrix of the Estate of ARTHUR BARROW, Deceased, et al., Defendants, and MARTIN BOYER et al., Appellants.—In a negligence action to recover damages for personal injuries, arising out of an intersectional two-car collision, defendants Martin Boyer and Diamond Rambler, Inc., appeal from (1) an interlocutory judgment of the Supreme Court, Queens County, entered March 5, 1976, which is in favor of the plaintiffs against all defendants, upon a jury verdict after a trial limited to the issue of liability only and (2) an order of the same court, dated April 21, 1976, which denied their motion to set aside the verdict and for a new trial. Interlocutory judgment and order reversed, on the law and in the interest of justice, and new trial granted, with costs to abide the event. In our opinion, the Trial Judge committed reversible error in failing to charge the jury on the issue of the contributory negligence of the plaintiffs, who were passengers in a car driven by defendant Boyer. The testimony of plaintiff Donawa indicated that she saw that Boyer was not looking straight at the road when the collision occurred. The jury should therefore have been instructed to determine whether plaintiffs were guilty of contributory negligence in not remonstrating with Boyer concerning his conduct (see *Piarulli v Lason,* 35 AD2d 605). The Trial Judge also committed reversible error by giving a charge which strongly indicated that defendant Boyer was negligent, either because he did not look before entering the intersection or had not looked carefully enough. In view of the evidence presented, such issue should have been left for the determination of the jury (cf. *Weng v Gill,* 52 AD2d 923). Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ FRANK PODSTUPKA, Appellant, v SAMUEL BRANNON, JR., et al., Defendants. LEON SCHEKTER, Defendant and Third-Party Plaintiff-Respondent, v LOUIS GRAZIOSE et al., Third-Party Defendants.—In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered April 4, 1975, which is in favor of defendant Leon Schekter, upon the trial court's dismissal of the complaint at the close of plaintiff's case, at a jury trial. Judgment affirmed, without costs or disbursements, on the opinion of Mr. Justice Niehoff at Trial Term *(Podstupka v Brannon,* 81 Misc 2d 338). We have considered plaintiff's claims of error and find them to be without merit. Martuscello, Acting P. J., Latham, Margett, Rabin and Hawkins, JJ., concur.