## (March 22, 1979)

GEORGE A. KNORR, Respondent, v CITY OF ALBANY, Defendant and Third-Party Plaintiff-Appellant, and WESTGATE NORTH, INC., Third-Party Defendant-Appellant and Third-Party Plaintiff. JEFFREY M. GOLDBERG, Third-Party Defendant-Appellant. (Action No. 1.) GEORGE A. KNORR, Respondent, v JEFFREY M. GOLDBERG, Appellant. (Action No. 2.)—Appeals from a

judgment of the Supreme Court, entered January 19, 1978 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Late on the evening of January 22, 1972 the plaintiff entered Bartley's Grill and Restaurant in the City of Albany where, by chance, he encountered his friend, Jeffrey Goldberg, who was engaged in a game of shuffleboard. During the exchange of pleasantries that followed, Knorr consumed a bottle of beer and Goldberg had one or two. Sometime after 11:00 o'clock the plaintiff prepared to leave and advised Goldberg that he had to make a security check of the buildings at Westgate North, Inc. (Westgate). Knowing that Knorr had no car, Goldberg offered to drive the plaintiff to Westgate and at some point in time as they drove westerly along Central Avenue, one or the other suggested they lunch at the Westgate Diner when Knorr completed his duties. Russell Road runs northerly off Central Avenue and Westgate is located on the westerly side of Russell Road. Save for buildings designated No. 30 and No. 16, the entire ground surface of Westgate is macadamized as is a strip of land owned by the city between its right of way and Westgate upon which is located a water hydrant approximately three and one-half feet high which is owned and maintained by the city. On the opposite or easterly side of Russell Road is the Westgate Plaza, a large shopping area with numerous stores and an expansive parking area which continuously abuts the easterly side of Russell Road. Consequently, as one looks eastward from the front of Westgate's Building No. 30, he observes a vast sea of uncurbed and unbroken macadam. Upon completion of his tour, Knorr left the front entrance of Building No. 30 and entered Goldberg's vehicle which was headed southerly. As Goldberg drove off, Knorr began to fasten his seat belt and while he was so occupied Goldberg pulled somewhat to his left and collided with the afore-mentioned hydrant. As a consequence, the plaintiff was thrown into the dashboard and was severely and permanently injured, thus giving rise to this lawsuit. After a trial, the jury awarded the plaintiff $90,000 in damages and apportioned the negligence by finding the City of Albany 50% to blame, Westgate 35% to blame and Goldberg 15% to blame. On appeal, the defendants urge that the trial court's charge, wherein he instructed the jury that there was no evidence in the record of any negligence on the part of the plaintiff and directed a finding on its part that the plaintiff was free from contributory negligence, constituted reversible error. We cannot agree. It is quite true as defendants assert that in the usual case the issue of contributory negligence ordinarily presents a question of fact for the jury. They contend that, since the plaintiff knew from his employment experience that the hydrant was located nearby and was not easily visible, that he was under a duty, in the exercise of reasonable care, to alert the defendant Goldberg of its existence and that his failure to do so, at the very least, presented a question of fact requiring resolution by the jury. In support of this contention, defendants rely upon and seek to compare the cases of *Plummer v Brodnax* (54 AD2d 692); *Siivonen v City of Oneida* (38 AD2d 654); and *Piarulli v Lason* (35 AD2d 605). All are clearly distinguishable from the case at bar. In *Plummer (supra),* the plaintiff conceded that she observed the defendant driver not looking at the road and yet made no protest. In *Siivonen (supra),* the plaintiff passenger was a fireman under the direction and supervision of the driver, his fire chief, who made the decision to attempt to beat the train to the crossing. Lastly, in *Piarulli (supra)* there was a sharp conflict as to the speed of the vehicle so that the jury should have been permitted to determine if the vehicle was being driven at an excessive rate of speed under the circumstances and, if so, whether the infant plaintiff passenger should have taken some affirma-

tive action to protect himself from harm. The situation at hand is quite different. When plaintiff entered the car it was not headed for the hydrant area located to the east and south of the vehicle. Goldberg's previous operation of the vehicle was perfectly normal and not such as to impose any additional duty upon the plaintiff. In each of the afore-mentioned cases, there was some conduct on the part of the operator, which the passenger was aware of and which might have, under the circumstances, imposed upon the passenger a duty to admonish or alert the driver. Moreover, in each instance there was an awareness of the danger and an opportunity to warn the operator of the imprudence of his actions. When this plaintiff entered the car there was no apparent danger and as it moved away he was in the process of attaching his seat belt. While he was so engaged, the car traveled but a hundred feet, turning to its left or easterly, and struck the hydrant. The obligation of the passenger is to exercise reasonable care under all of the circumstances. This does not require the passenger to warn the driver of every potential hazard that may be encountered in their path, especially when that path has not yet been made clear. Judgment affirmed, with costs to plaintiff. Sweeney, J. P., Kane, Main and Mikoll, JJ., concur.