■ LAURAINE MERLINI, Plaintiff, and GEORGE KONEFAL, Respondent, v JEANNE KAPERONIS et al., Appellants, and NORMA KONEFAL et al., Respondents. (And One Other Action.)

The evidence in this personal injury action, demonstrates that defendant, Mr. Kaperonis, while speeding, negligently crashed into plaintiff Konefal's car injuring both Konefal and his passenger Lauraine Merlini. Although there was some evidence that Kaperonis may have been racing with co-defendant Zef Gjelaj, the jury found Mr. Kaperonis to be 100% liable.

The record demonstrates that the IAS court consistently ruled during the trial that witnesses would not be allowed to refer to the defendants' conduct as racing or drag racing and only in the event that evidence sufficiently supported an inference of racing, would counsel be allowed to make such a reference in summation. While the evidence supported the reasonable inference that defendant may have been racing

when the accident occurred *(see, e.g., Taype v City of New York,* 82 AD2d 648, *lv denied* 55 NY2d 608), Kaperonis himself testified that he was not racing. The jury thus fairly interpreted the evidence which should not be second guessed by this Court *(Halvorsen v Ford Motor Co.,* 132 AD2d 57, 61-62, *lv denied* 71 NY2d 805).

The evidence indicates that plaintiff Merlini's testimony would have been, at best, cumulative. Accordingly, the ruling denying defendant's request for a missing witness charge was proper *(Levande v Dines,* 153 AD2d 671, 672).

We have considered appellants' arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin and Kassal, JJ.