■ AMANDA POSNER, Respondent, v MARC C. HENDLER, Appellant. [755 NYS2d 255] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered May 2, 2002, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff was injured when the vehicle in which she was a passenger crashed through a guardrail on the Bronx River Parkway and struck a tree. She subsequently commenced this action against the defendant, the owner of the vehicle and father of the driver. According to the plaintiff's deposition testimony, the driver, who did not survive the crash, exceeded the speed limit while passing other vehicles and was driving at a speed of over 80 miles per hour immediately prior to the accident. There was also deposition testimony from another passenger indicating that the vehicle was traveling at a speed of at least 100 miles per hour and weaving in and out of traffic. However, the plaintiff did not ask the driver to reduce his speed or ask to leave the vehicle at any point during the ride.

The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability, finding that the driver was negligent and that the plaintiff was not comparatively negligent as a matter of law. We reverse.

A passenger in a vehicle is required to exercise reasonable care for his or her own safety (*see Nelson v Nygren,* 259 NY 71 [1932]; *Stewart v Taylor,* 193 AD2d 1078 [1993]). Here, it cannot be said as a matter of law that the plaintiff exercised reasonable care under the circumstances (*see Plummer v Brodnax,* 54 AD2d 692 [1976]; *Piarulli v Lason,* 35 AD2d 605 [1970]). Whether, under the circumstances of this case, her failure to protest the driver's conduct or to request that she be let out of the vehicle constituted comparative negligence is a question of fact (*see Nelson v Nygren, supra; Plummer v Brodnax, supra; Piarulli v Lason, supra*). Consequently, while the Supreme Court properly concluded that the driver was negligent as a matter of law, it should have denied the plaintiff's motion. Altman, J.P., Florio, H. Miller and Adams, JJ., concur.