■ EILEEN O'CONNOR et al., Respondents, v MARC C. KUZMICKI et al., Appellants, et al., Defendants. [788 NYS2d 414]—

In an action, inter alia, to recover damages for personal injuries, the defendants Marc C. Kuzmicki and Roman Kuzmicki appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated April 19, 2004, which denied that branch of their motion which was for summary judgment dismissing the claim for punitive damages insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the claim for punitive damages insofar as asserted against the defendant Roman Kuzmicki and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff Eileen O'Connor (hereinafter O'Connor), was injured in a multi-car accident on Utopia Parkway in Queens. The plaintiffs allege, inter alia, that the accident occurred because the defendant drivers were engaged in a "drag race" immediately before the collisions. The complaint, among other things, asserted a claim for punitive damages based upon the alleged violation of Vehicle & Traffic Law § 1182 which prohibits speed races. The appellants, inter alia, moved for summary judgment dismissing that claim.

The Supreme Court properly concluded that there was an issue of fact regarding the allegation of drag racing. Under the circumstances of this case, if drag racing is proven to be a proximate cause of the accident, that would support a claim for punitive damages (*see generally Sharapata v Town of Islip,* 56 NY2d 332 [1982]). Therefore, the appellant Marc C. Kuzmicki, the driver of the vehicle which struck the car owned and operated by O'Connor, was not entitled to summary judgment

dismissing the claim for punitive damages insofar as asserted against him (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). However, the appellant Roman Kuzmicki, the owner of the vehicle, can only be vicariously liable and thus cannot be liable for punitive damages (*see Poulard v Papamihlopoulos*, 254 AD2d 266 [1998]). Accordingly, that branch of the appellants' motion which was for summary judgment dismissing the claim for punitive damages insofar as asserted against Roman Kuzmicki should have been granted. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.