Appeal from an order of the Supreme Court, Erie County (Christopher J. Burns, J.), entered July 6, 2016. The order granted the motion of plaintiff for, inter alia, summary judgment dismissing the affirmative defense of culpable conduct on the part of plaintiff’s decedent, and denied the cross motion of defendants for summary judgment dismissing the complaint.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of plaintiff’s motion with respect to the affirmative defense of culpable conduct on the part of plaintiff’s son and reinstating that defense, and as modified the order is affirmed without costs.
 

 Memorandum: Plaintiff commenced this action seeking damages for the death of her son, who was a passenger in a pickup truck operated by defendants’ son that went off the road and struck a tree, causing the death of both occupants. Plaintiff moved for, inter alia, summary judgment dismissing the affirmative defense of culpable conduct on the part of her son. Defendants cross-moved for summary judgment dismissing the complaint on the ground that the accident occurred during an “illegal street race” in which plaintiff’s son participated, that his death was the direct result of his own serious violation of the law, and that recovery on his behalf was therefore precluded as a matter of public policy under the rule of Barker v Kallash (63 NY2d 19 [1984]) and Manning v Brown (91 NY2d 116 [1997]). In the alternative, defendants sought summary judgment on the issue whether plaintiff’s son had been comparatively negligent. Supreme Court granted plaintiff’s motion and denied defendants’ cross motion, and defendants appeal.
 

 We agree with defendants that the Barker/Manning rule may apply to a high-speed street race between motor vehicles, i.e., “a drag race as that term is commonly understood” (People v Senisi, 196 AD2d 376, 381 [2d Dept 1994]; see Hathaway v Eastman, 122 AD3d 964, 965-967 [3d Dept 2014], lv denied 25 NY3d 904 [2015]; La Page v Smith, 166 AD2d 831, 832-833 [3d Dept 1990], lv denied 78 NY2d 855 [1991]; see generally Finn v Morgan, 46 AD2d 229, 231-232 [4th Dept 1974]), even if the participants did not plan a particular race course and the incident thus did not qualify as a “speed contest” within the meaning of Vehicle and Traffic Law § 1182 (a) (1) (see People v Grund, 14 NY2d 32, 34 [1964]). The record here, however, supports conflicting inferences with respect to whether defendants’ son was engaged in a race with other pickup truck drivers (see O’Connor v Kuzmicki, 14 AD3d 498, 498 [2d Dept 2005]; Merlini v Kaperonis, 179 AD2d 556, 556-557 [1st Dept 1992]) and, if so, whether plaintiff’s son was a “willing participant” in the race (Manning, 91 NY2d at 120; see Prough v Olmstead, 210 AD2d 603, 603-604 [3d Dept 1994]; cf. Hathaway, 122 AD3d at 966). Thus, the applicability of the Barker/Manning rule is an issue of fact (see generally Pfeffer v Pernick, 268 AD2d 262, 263 [1st Dept 2000]). In addition, there are issues of fact with respect to the alleged comparative negligence of plaintiff’s son in choosing to ride with defendants’ son, in view of evidence that defendants’ son was under the influence of alcohol and had said that he intended to “chase . . . down” the other trucks (see Strychalski v Dailey, 65 AD3d 546, 547 [2d Dept 2009]; Posner v Hendler, 302 AD2d 509, 509 [2d Dept 2003]; cf. Stickney v Alleca, 52 AD3d 1214, 1215-1216 [4th Dept 2008]). We therefore conclude that the court properly denied defendants’ cross motion but erred in granting that part of plaintiff’s motion with respect to the culpable conduct defense, and we modify the order accordingly.
 

 Present—Whalen, P.J., Centra, Lindley, Trout-man and Winslow, JJ.