ADOLPH FIJAL, Respondent, v AMERICAN EXPORT ISBRANDTSEN
LINES, INC., Appellant.

First Department, April 9, 1987

## APPEARANCES OF COUNSEL

*Kenneth Heller* for respondent.

*Stephen K. Carr* of counsel *(Geoffrey D. Ferrer* with him on the brief; *Haight, Gardner, Poor & Havens,* attorneys), for appellant.

## OPINION OF THE COURT

KASSAL, J.

The issue we address is whether, under the facts of this case, the pleaded defense of contributory negligence under the Jones Act is actually the defense of assumption of risk.

Plaintiff was a seaman aboard defendant's cargo vessel, the *SS Export Builder,* which, on March 24, 1971, was traveling in Tokyo Bay, on its way from Kobe to Yokohama. While on watch, plaintiff was ordered by Bosun Wood to climb the king post, a vertical steel post affixed to and extending 60 to 70 feet above the deck, in order to secure the ship's cargo boom to the king post. At his deposition, plaintiff stated that he objected since it was raining, the wind was blowing at about 18 to 20 knots and the vessel, which was traveling at a speed of about 18 to 20 knots was rolling and pitching. This was disputed by the bosun, who testified at his examination that it was not very windy—about a 15-knot wind, the ship was not rolling, and he did not recollect that it was raining. In any event, while he was aloft, working on the crosstree, plaintiff was injured when he fell through a manhole.

This action was commenced in February 1974. Liability on the part of the shipowner is predicated upon allegations of negligence and unseaworthiness under the Jones Act (46 USC § 688). After the case had been pending for more than 11 years and after discovery and deposition proceedings had been completed, plaintiff moved to strike the affirmative defense of contributory negligence, contending that defendant improperly interposed a defense of assumption of risk characterized as contributory negligence. We agree with Special Term that, on this record, the contributory negligence defense is unsubstantiated and, accordingly, was properly stricken.

It is well established that assumption of risk is not available as a defense in Jones Act cases (46 USC § 688; 45 USC § 54;

*see, Roberts v United Fisheries Vessels Co.,* 141 F2d 288, 292-293, *cert denied* 323 US 753; 2 Norris, Seamen § 30:33 [4th ed]). Similarly, the defense of assumption of risk may not be raised under the guise of contributory negligence *(Tiller v Atlantic Coast Line R. R. Co.,* 318 US 54, 58; *Byrd v Reederei,* 638 F2d 1300, 1304; *Reyes v Vantage S.S. Co.,* 558 F2d 238; *Rivera v Farrell Lines,* 474 F2d 255, 257, *cert denied* 414 US 822; *Ballwanz v Isthmian Lines,* 319 F2d 457).

Recently, in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65), where the parties were represented by the same attorneys as here, we were concerned with the applicability of the defense of contributory negligence in a maritime case, in contrast to the situation in this action, where the allegations actually constitute assumption of risk, albeit masquerading as contributory negligence: "While the distinction in a given case may be a very fine one and, at times, difficult in application, it has been consistently held, in these and other cases, that a shipowner may not rely on assumption of risk masquerading under another name, i.e., as contributory negligence." *(Supra,* at 72.)

In any case, whether the facts alleged constitute the defense of contributory negligence or assumption of risk is a legal issue for the court to determine. The critical factor is whether the alleged culpable conduct of the plaintiff actually amounts to assumption of risk ("the knowledgeable acceptance by an employee of a dangerous condition when and if such acceptance was necessary for the performance of his duties") or contributory negligence ("some careless act or omission on the part of the employee over and above that knowledgeable acceptance") *(Rivera v Farrell Lines, supra,* at 257). Our observation in *Gibson (supra,* at 72) is applicable here: "The clear principle from all these cases is that a seaman may not be charged with contributory negligence for continuing to work in a situation and under conditions which he knew to be dangerous, since the actual basis and theory of such a defense is assumption of risk, not contributory negligence. *(See also, Rivera v Rederi A/B Nordstjernan,* 456 F2d 970, *cert denied* 409 US 876; *Sessler v Allied Towing Corp.,* 538 F2d 630, where the courts likewise precluded the assertion of contributory negligence as a defense in situations where the employee continued to work, although he knew a dangerous condition existed since, to apply the defense would be tantamount to holding that the employee, by continuing his work, assumed the risk of obeying orders.)"

In our case, the only factual dispute in the record relates to the conditions at the time plaintiff was ordered aloft by the bosun (whether it was windy and raining and whether the ship was rolling), a dispute which, in our view, pertains solely to the liability of the defendant in terms of negligence and seaworthiness, i.e., the propriety of the bosun's instruction to plaintiff to climb the mast in those conditions. It does not, however, have any bearing upon defendant's affirmative defense of contributory negligence. If the bosun's order were improvident or improper because of prevailing conditions, that would be sufficient to support plaintiff's Jones Act claim, but it does not in any way establish that plaintiff was at fault, especially considering that in a maritime case, by statute, the seaman is bound to comply with the order of a superior officer (see, e.g., 46 USC § 701).

In all other respects, the record discloses a total failure by defendant to present any competent proof to raise a genuine triable issue as to plaintiff's contributory negligence in terms of the acts he improperly performed. While, conceivably, one could speculate that plaintiff's injury resulted from his own negligence in performing his assigned task, defendant has the initial burden of affirmatively demonstrating that there was some fault. Close examination of the record discloses it has not done so here.

The only allegations of negligence ascribed to plaintiff are contained in defendant's bill and supplemental bill of particulars, and they are general and conclusory, further reiterated in the opposing affidavits by defendant's attorney, which are inadequate since not based on personal knowledge (see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 342; Di Sabato v Soffes, 9 AD2d 297, 301). Plainly, defendant did not assemble and lay bare affirmative proof to demonstrate the existence of a genuine triable issue as to plaintiff's alleged fault, especially considering that the motion for summary judgment was made after the action had been pending for many years and extensive discovery proceedings had been completed.

Mere conclusory assertions, devoid of evidentiary facts, are insufficient for this purpose, as is reliance upon surmise, conjecture or speculation (Zuckerman v City of New York, 49 NY2d 557, 562; Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 281-282; Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290). The affidavit of counsel, without knowledge of the facts, has no probative value on such a motion (Roche v Hearst Corp., 53 NY2d 767, 769).

Equally deficient is defendant's reliance upon the supplemental bill of particulars, which alleges that, if plaintiff was injured, the injury was caused by his own contributory negligence in failing to: (1) hold on to the handrails surrounding the crosstrees; (2) observe conditions, including grease or foreign substances on the crosstree platform; (3) clean the area if a foreign substance was present; (4) call to the attention of the bosun any condition which, in plaintiff's judgment, would amount to a safety hazard; (5) brace himself while aloft; (6) position himself low to reduce wind resistance; (7) employ a safety line; (8) keep a proper lookout; and (9) exercise reasonable care for his own safety. However, of this full litany of claims, none of the general assertions is supported by any evidence and the allegations in the supplemental bill, standing alone, are inadequate to raise a triable issue of fact.

Of the enumerated items, only the claims with respect to not cleaning off grease, not holding on to handrails and not using a safety line while aloft are within the realm of contributory negligence, as opposed to assumption of risk. But there is no evidentiary proof in the record to support these charges that plaintiff was negligent in these respects. The record includes defendant's response to plaintiff's notice to admit, which contains a significant admission, namely, that the shipowner issued no written or oral safety instructions as to how and when to go aloft in windy weather conditions. The only other record reference to any safety apparatus is in plaintiff's deposition, where he testified that safety belts were available but, in answer to a question as to whether he requested the use of a belt for the kind of work he had been directed to do, he responded that it "[w]ould be impossible to wear a safety belt." Defendant did not refute or otherwise challenge plaintiff's statement that a safety belt could not have been employed for the assigned task. Thus, the shipowner failed to raise a triable issue on these matters nor did it demonstrate that safety apparatus was available and necessary at the time.

The remainder of the charges in the supplemental bill, that plaintiff did not keep a lookout, maintain care for his own safety, call to the attention of the bosun any condition which would constitute a hazard, or observe foreign substances present on the crosstree platform, all relate to normal hazards incident to plaintiff's duties as a seaman, thereby constituting assumption of risk. In any event, there is no proof to substantiate these conclusory charges.

We conclude, therefore, that there was a failure of proof by defendant in opposing the motion to establish any basis for asserting the defense of contributory negligence. While the depositions do evince a dispute as to the condition of the weather, the sea and the roll of the ship, these all pertain to whether the bosun acted improperly in ordering the seaman aloft, which order had to be obeyed or the seaman would be penalized. They do not, however, have any bearing upon any comparative fault by the plaintiff. If defendant can establish at trial that the conditions were as testified to by Bosun Wood, and that plaintiff was properly directed to climb the mast, this would refute the claims of negligence and unseaworthiness under the Jones Act, but they are not probative to support any charge of comparative negligence by plaintiff.

Accordingly, the order, Supreme Court, New York County (Francis N. Pecora, J.), entered September 12, 1985, which granted plaintiff's motion for reargument and renewal and, upon renewal, dismissed the affirmative defense of contributory negligence, should be affirmed, without costs or disbursements.

SANDLER, J. P., MILONAS, ROSENBERGER and WALLACH, JJ., concur.

Order, Supreme Court, New York County, entered on September 12, 1985, unanimously affirmed, without costs and without disbursements.