■ SAM MAZZELLA, Respondent, v METRO-NORTH COMMUTER RAILROAD CO., Appellant. [624 NYS2d 15] —Order, Supreme Court, New York County (Richard Rosenbloom, J.), entered on or about December 27, 1993, which granted plaintiff's motion to set aside the jury verdict in this action under the Federal Employers' Liability Act (FELA; 45 USC § 51 *et seq.)* and directed a verdict in plaintiff's favor on the issue of causation, struck defendant's defense of comparative negligence, directed a verdict that plaintiff was not negligent and ordered a new trial on the issue of damages, unanimously affirmed, without costs.

The court properly directed a verdict on the issues of causation and comparative negligence in this case. The standard of negligence in FELA cases is considerably more liberal than that governing common-law negligence actions, simply requiring proof that " 'justif[ies] with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought' " *(Curley v Consolidated Rail Corp.,* 178 AD2d 318, 319, *affd* 81 NY2d 746, *cert denied* — US —, 113 S Ct 2415, quoting *Rogers v Missouri Pac. R. R. Co.,* 352 US 500, 506). Upon our view of the evidence presented, any jury finding of

negligence on plaintiff's part, would have been the result of pure speculation or prejudice attributable to defendant's repeated, improper insinuations that plaintiff assumed the risk for his action. Acknowledging that the defense of assumption of the risk is not available in an action under the FELA, defendant's characterization of its arguments as the defense of comparative negligence is unpersuasive *(see, Fijal v American Export Isbrandtsen Lines,* 127 AD2d 167). We have considered defendant's other arguments and find them to be without merit. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.