■ THY TRAN, Respondent, v AVIS RENT A CAR, INC.,* et al., Appellants. [734 NYS2d 662] —Mugglin, J. Appeal from an order of the Supreme Court (Lynch,.J.), entered September 13, 2000 in Schenectady County, which, *inter alia*, granted plaintiff's motion for partial summary judgment on the issue of liability.

Plaintiff, her boyfriend, and defendant Bryan Yee, all domiciliaries of New York, were traveling on a cross country trip to California in a vehicle owned by and rented from defendant Avis Rent A Car System, Inc. (hereinafter Avis). At approximately 1:00 A.M. on Interstate Route 79, near Morgantown, West Virginia, plaintiff's boyfriend was in the rear seat, Yee was driving and plaintiff was in the front passenger seat. All three were wearing their seat belts, but plaintiff had fully reclined the back of her seat. Yee advised plaintiff that he was hungry, so she gave him some dried fruit. Yee then requested that plaintiff hand him the garbage bag which was near her feet so that he could dispose of the seeds. At her deposition, plaintiff testified that she sat up and placed the bag between the front seats. Yee asserted, on the other hand, that plaintiff held the bag for him. In any event, Yee admittedly took his eyes from the roadway to dispose of seeds in the bag, the car left the roadway, overturned several times in the median and plaintiff was seriously injured when she was partially ejected through one of the rear windows of the vehicle. Neither of the other occupants was injured in the accident.

Plaintiff commenced this action seeking damages for the injuries she sustained. After the completion of discovery, plaintiff moved to strike defendants' affirmative defenses based on comparative fault and the seat belt defense and for partial summary judgment on the issue of liability. Alternatively, plaintiff sought a ruling that the seat belt defense is governed by West Virginia law, rather than New York law. Yee opposed the motions and cross-moved for permission to amend his bill of particulars to set forth additional acts constituting negligence on the part of plaintiff. Avis submitted a memorandum of law in which it contended that issues of fact precluded striking the affirmative defenses and granting plaintiff partial summary judgment on the issue of liability, and that New York law applies to the seat belt defense. Supreme Court found New York law to be applicable, struck defendants' affirmative defen-

---

* Avis Rent A Car, Inc. is the first named defendant in the summons and complaint. At some point, however, this entity stops appearing in some of the subsequent captions, including Supreme Court's decision and order, and we assume that this defendant and defendant Avis Rent A Car System, Inc. are one and the same.

ses and granted plaintiff partial summary judgment on the issue of liability and directed an inquest with respect to damages. Defendants appeal.

We first address the propriety of Supreme Court's grant of partial summary judgment to plaintiff on the issue of liability and the striking of defendants' affirmative defenses predicated on comparative fault pleaded in opposition. Our review of the record leads to an affirmance of these determinations. Defendants have failed to set forth any evidence which rebuts plaintiff's evidence—found in Yee's deposition and the accident report—which clearly establish that he was driving the vehicle at approximately 65 to 75 miles per hour over a wet surface, around 1:00 A.M., and was unable to negotiate a curve because he took his eyes off the road to spit seeds into a bag. Under these circumstances, courts routinely hold such conduct constitutes negligence as a matter of law (*see, Andre v Pomeroy*, 35 NY2d 361, 365; *Altmajer v Morley*, 274 AD2d 364, 365; *Metzler v Brawley*, 209 AD2d 487; *Aurnou v Craig*, 184 AD2d 1048, 1048-1049; *Opalek v Oshrain*, 33 AD2d 521; *Gerard v Inglese*, 11 AD2d 381). Nothing in the record supports defendants' conjecture that plaintiff's supplying Yee with the dried fruit and the garbage bag was such a distraction as to be a contributing factor to proximate causation. Thus, these affirmative defenses were properly struck (*see, Luck v Tellier*, 222 AD2d 783, 785; *see generally, Fijal v American Export Isbrandtsen Lines*, 127 AD2d 167). Supreme Court also correctly determined that there was no merit to Yee's cross motion to amend his bill of particulars to allege additional acts of negligence on the part of plaintiff, and that motion was rendered academic.

We next address the dismissal of those affirmative defenses which, if established, would result in a reduction of plaintiff's damages, namely, the seat belt defense and the related defense that plaintiff failed in her common-law duty to take reasonable precautions for her own safety. There is no doubt, based on this record, that plaintiff was wearing the available seat belt. There is likewise no doubt that, at the moment the accident occurred, plaintiff was seated in an upright position, although the back of her seat was fully reclined. It is this latter fact which leads to defendants' contention that plaintiff violated her common-law duty to exercise reasonable care for her own safety (*compare, Spier v Barker*, 35 NY2d 444, *with Stewart v Taylor*, 193 AD2d 1078). While an affirmative defense should not be dismissed if there is any doubt as to its availability (*see, Warwick v Cruz*, 270 AD2d 255), this defense must also be viewed in light of plaintiff's motion for summary judgment on

the issue of liability. We hold that plaintiff's undisputed evidence that she was wearing her seat belt constitutes a prima facie showing that she satisfied both her statutory duty and her common-law duty to protect herself, and that this showing is sufficient to shift the burden to defendants to show, by the admission of competent evidence, that plaintiff's injuries would be less severe had she either been fully reclined on the seat or had the seat been in an upright position.

Defendants, however, submitted no evidence which would remove their theory of defense from the realm of conjecture. The car left the side of the road, slid in gravel and rolled, side over side, two or three times, leaving one to speculate whether plaintiff's actions had any effect in causing or exacerbating her injuries. Under such circumstances, Supreme Court correctly dismissed these defenses. Our conclusion makes it unnecessary to determine whether New York or West Virginia law should apply to the seat belt defense.

Cardona, P. J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.