JAMES M. STICKNEY, Appellant, v MARIA G. ALLECA et al., Respondents. [860 NYS2d 352]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 26, 2007. The order denied plaintiff's motion for partial summary judgment on the issues of negligence and comparative fault.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the first and fifth affirmative defenses are dismissed.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the vehicle in which he was a passenger struck railroad tracks while traveling at a high

rate of speed. The vehicle was operated by Maria G. Alleca (defendant) and owned by defendant Salvatore Alleca. We agree with plaintiff that Supreme Court erred in denying his motion seeking partial summary judgment on the issues of negligence and comparative fault. In support of his motion, plaintiff submitted a notarized statement made by defendant after the incident in which she admitted that, upon approaching a railroad crossing, she sped up to 75 or 80 miles per hour in order to make her vehicle "jump" the railroad tracks. Plaintiff also submitted the deposition testimony of defendant in which she both denied that she attempted to jump the tracks and admitted that her prior notarized statement was true to the best of her knowledge at that time. She further testified at her deposition that she did not "remember at all" what her intention was as she approached the railroad crossing. We conclude under the circumstances of this case that the denial of defendant at her deposition that she attempted to jump the tracks was merely a "belated attempt to avoid the consequences of h[er] earlier admission . . . [and thus] was insufficient to defeat" that part of the motion with respect to the issue of defendant's negligence (*Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]; *see Martin v Savage*, 299 AD2d 903 [2002]; *Regula v Ford Motor Credit Titling Trust*, 280 AD2d 843, 844 [2001]). We thus conclude that plaintiff established his entitlement to summary judgment on the issue of defendant's negligence based on the notarized statement of defendant that she drove her car at a high rate of speed over a railroad crossing, and defendant failed to submit a nonnegligent explanation for the incident to defeat that part of the motion (*see generally Matte v Hall*, 20 AD3d 898, 900 [2005]).

We further conclude that plaintiff established his entitlement to dismissal of the first and fifth affirmative defenses, which alleged "culpable conduct of the plaintiff, including contributory negligence or assumption of risk," and the failure of plaintiff to wear his seat belt at the time of the incident. Addressing first the fifth affirmative defense, we note that plaintiff submitted evidence establishing that he was wearing his seat belt at the time of the incident, and he submitted the deposition testimony of defendant in which she stated that she never looked to see whether plaintiff was wearing his seat belt. The mere speculation of defendant that plaintiff was not wearing his seat belt is insufficient to defeat plaintiff's entitlement to dismissal of the fifth affirmative defense (*see generally Wallace v Kuhn*, 23 AD3d 1042, 1043-1044 [2005]). With respect to the first affirmative defense, there is no evidence other than defendant's mere speculation that plaintiff, a passenger in the rear seat of the ve-

hicle, knew or should have known that the rear seat was partially detached, or that he otherwise failed as a passenger to exercise reasonable care for his own safety (*see generally Thy Tran v Avis Rent A Car*, 289 AD2d 731, 732-733 [2001]). Present—Hurlbutt, J.P., Martoche, Peradotto, Pine and Gorski, JJ.