BIMAL BHOWMIK, Appellant, v GEORGE S. SANTANA, Respondent. [33 NYS3d 51]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about December 4, 2014, which denied plaintiff's motion for partial summary judgment on the issues of defendant's liability and plaintiff's serious injury and to strike defendant's affirmative defense of comparative negligence, unanimously affirmed, without costs.

The court properly determined that plaintiff had failed to eliminate all issues of his own comparative negligence, and so was not entitled to summary judgment (*see Geralds v Damiano*, 128 AD3d 550 [1st Dept 2015]; *Maniscalco v New York City Tr. Auth.*, 95 AD3d 510 [1st Dept 2012]; *Calcano v Rodriguez*, 91 AD3d 468 [1st Dept 2012]). The police accident report, in which the officer recorded his own observations that plaintiff smelled of alcohol and appeared to be intoxicated, was admissible, as it was not based on hearsay (*cf. Rivera v City of New York*, 253 AD3d 597, 600-601 [1st Dept 1998] ["A lay witness is competent to testify that a person appears to be intoxicated when such testimony is based on personal observation"]; *Allan v Keystone Nineties*, 74 AD2d 992 [4th Dept 1980], *appeal dismissed* 52 NY2d 899 [1981] [same]). This, coupled with plaintiff's own deposition testimony, submitted in support of his motion for summary judgment, that he was one car length away from defendant's vehicle when the driver's-side door opened, and that he was riding his bicycle at only four miles per hour, raises issues of fact as to whether his purported intoxication contributed to his inability to stop in time to avoid the collision. While other testimony by plaintiff indicates that he was next to defendant's car when the door opened, this merely raises issues of fact.

The court also properly denied that aspect of plaintiff's motion which sought summary judgment on the issue of serious injury within the meaning of Insurance Law § 5104 (a). It is uncontested that the medical records submitted by plaintiff were not in admissible form, and therefore lacked probative value (*see Rampersaud v Eljamali*, 100 AD3d 508, 509 [1st Dept 2012]; *Quinones v Ksieniewicz*, 80 AD3d 506 [1st Dept 2011]). Plaintiff's sworn affidavit that he suffered a fractured clavicle is insufficient to establish a serious injury, as "objective proof" of plaintiff's injury is required (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]), and plaintiff's basic knowledge relating to the specific diagnosis of his injury is clearly based on what the medical records show and what his doctors have told him, and so his affidavit is mere hearsay. At the very least,

plaintiff has not established that his diagnosis is based on his own personal knowledge and not hearsay. Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.