Prak v New York City Tr. Auth. (2022 NY Slip Op 03086)

Prak v New York City Tr. Auth.

2022 NY Slip Op 03086

Decided on May 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 10, 2022

Before: Webber, J.P., Singh, Moulton, Kennedy, Rodriguez, JJ. 

Index No. 22507/17E Appeal No. 15899-15899A Case No. 2021-01625 2022-00033 

[*1]Soknyroth Prak, Plaintiff-Appellant,
v
New York City Transit Authority, et al., Defendants-Respondents.

German Rubenstein LLP, New York (Joel M. Rubenstein of counsel), for appellant.
Gallo, Vitucci & Klar, New York (Yolanda L. Ayala of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 29, 2021, which denied plaintiff's motion for summary judgment as to liability and striking defendants' first, third, fourth, and sixth affirmative defenses, unanimously modified, on the law, to grant the motion as to the third affirmative defense, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 14, 2021, to the extent it denied plaintiff's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable order.
The conflict between plaintiff's version of the accident, in which defendant bus driver pulled out of a bus stop without yielding the right-of-way to her, and the bus driver's version, in which plaintiff turned right suddenly in front of the moving bus, presents issues of fact precluding summary judgment as to liability (see Savall v New York City Tr. Auth., 173 AD3d 566 [1st Dept 2019]).
Plaintiff failed to submit evidence in support of dismissing the first, fourth and sixth affirmative defenses, which allege, respectively, that she was comparatively negligent, that defendants were faced with an emergency, and that she failed to mitigate her injuries (see Bhowmik v Santana, 140 AD3d 460 [1st Dept 2016]; Romero v Valdez, 198 AD3d 496, 497 [1st Dept 2021], lv denied 37 NY3d 1232 [2022]). However, the third affirmative defense, that plaintiff was not wearing a seat belt, should be dismissed, since plaintiff testified that she was wearing a seat belt and defendants offered no evidence to the contrary (see Stickney v Alleca, 52 AD3d 1214, 1215 [4th Dept 2008]).
No appeal lies from the denial of a motion for reargument (Matter of Able Rigging Contrs., Inc. v Gemini Mach. Works, Inc., 200 AD3d 588 [1st Dept 2021]; CPLR 5701[a][2][viii]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 10, 2022