Matter of Freedom Care LLC v New York State Dept. of Health (2025 NY Slip Op 05765)

Matter of Freedom Care LLC v New York State Dept. of Health

2025 NY Slip Op 05765

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ.

Index No. 161036/24|Appeal No. 4859 & M-04795, M-05008|Case No. 2025-02532|

[*1]In the Matter of Freedom Care LLC, Petitioner-Appellant,

v

New York State Department of Health et al., Respondents-Respondents. Maxim of New York, LLC, Amicus Curiae.

Gibson, Dunn & Crutcher LLP, New York (Akiva Shapiro of counsel), for appellant.

Featherstonehaugh, Clyne & McCardle, LLP, Albany (Jonathan McCardle of counsel), for Public Partnerships LLC, respondent.

Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for State respondents.

ArentFox Schiff, LLP, New York (Michael P. McMahon and Shayshari Potter of counsel), for amicus curiae.

Judgment (denominated an order), Supreme Court, New York County (Verna L. Saunders, J.), entered March 27, 2025, to the extent appealed from as limited by the briefs, denying the petition to annul the determination of respondent New York State Department of Health (DOH), dated September 27, 2024, which awarded a statewide fiscal intermediary (SFI) contract to respondent Public Partnership LLC (PPL), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner did not sustain its burden of showing that DOH's determination was arbitrary and capricious, affected by an error of law, an abuse of discretion, or done in violation of lawful procedure (CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). DOH met its obligation to perform a meaningful review of both petitioner and PPL's bids using the criteria outlined in the request for proposals (RFP). DOH calculated a technical score based on the criteria specifically outlined in the RFP and a cost score based on each bidder's per member per month (PMPM) price for administrative services, also outlined in the RFP. The RFP allowed bidders to propose subcontractors that could assist in meeting certain statutory requirements, and DOH's response to questions regarding those requirements similarly allowed bidders to choose whether to demonstrate such ability itself or by subcontract. Thus, there was no deviation from the RFP due to either the purported failure to apprise bidders of the criteria to be used or to any consideration of subcontractors (see Matter of ACME Bus Corp. v Orange County, 28 NY3d 417, 425 [2016]; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 144 [2011]; Matter of Transactive Corp. v New York State Dept. of Social Servs., 236 AD2d 48, 53 [3d Dept 1997], affd on other grounds, 92 NY2d 579 [1998]).

Further, the statute requires the winning bidder to "subcontract to facilitate the delivery" of fiscal intermediary services "with at least one entity per rate setting region" in business since January 1, 2012 (Social Services Law § 365-f[4-a][a][ii-b]). As such, PPL's inclusion of four regional subcontractors complied with this statutory minimum. Notably, the statute does not bar the use of additional subcontractors.

The conflict-of-interest limitation in the RFP regarding corporate relationships with licensed home care services agencies or managed care organizations also was not contrary to statute, which sets only the "minimum" criteria (Social Services Law § 365-f[4-a][b][i][B]).

Nor did the answers provided by DOH in response to bidder's questions about reimbursements induce petitioner to submit a higher cost proposal. The proffered answer aligned with the RFP provision explaining that direct service costs would be paid separately from administrative costs, as provided for in the contracts between the awarded SFI and managed care organizations.

Petitioner failed to demonstrate a sham bidding process because the statements it proffered from unnamed sources amount to unsubstantiated hearsay with no probative value as to any influence on DOH (see Matter of Stop BHOD v City of New York, 22 Misc 3d 1136[A], 2009 NY Slip Op 50461[U], *12 [Sup Ct, Kings County 2009]; see generally Bhowmik v Santana, 140 AD3d 460, 461-462 [1st Dept 2016]). Nor does the evidence support petitioner's contention that PPL controlled the bidding and evaluation process.

Supreme Court providently denied petitioner's request to conduct limited discovery (CPLR 408; see Matter of People v Northern Leasing Sys., Inc., 193 AD3d 67, 74 [1st Dept 2021], lv dismissed 37 NY3d 1088 [2021]; Matter of L&M Bus Corp. v New York City Dept. of Educ., 71 AD3d 127, 136 [1st Dept 2009], affd as modified 17 NY3d 149 [2011]). Because most of the documents sought were provided in the administrative record submitted with the answer from DOH, and DOH's Medicaid Director averred that there were no communications with PPL during the restricted period, petitioner's arguments "amount[] to no more than an expression of hope insufficient to warrant deferral of judgment pending discovery" (Price v New York City Bd. of Educ., 51 AD3d 277, 293 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).

We have considered petitioner's remaining contentions and find them unavailing.

M-2025-04795- Matter of Freedom Care LLC v New York

State Department of Health

Motion for leave to file amicus brief, granted.

M-2025-05008- Matter of Freedom Care LLC v New York

State Department of Health

Motion to take judicial notice of post-briefing

developments, denied.

THIS CONSTITUTES THE DECISION AND ORDER

OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025